*S. W. ISLER, Ex'r, v. H. M. DEWEY and others.

*Statute of Limitations, purchaser protected by.*

A purchaser of land, who has been in the continuous adverse possession under a deed for the same for more than seven years before suit brought (and after cause of action accrued) to have such purchaser declared a trustee for plaintiff's benefit, is protected by the statute of limitations, and the fact that ejectment was brought within the time is no defence to the plea of the statute. The two actions are not for the same cause. *Whitfield* v. *Hill*. 5 Jones Eq., 316, approved.

(*Hall* v. *Davis*, 3 Jones Eq., 413; *Taylor* v. *Dawson*, *Ib*., 86; *Whitfield* v. *Hill*, 5 Jones Eq., 316, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of WAYNE Superior Court, before *Avery, J.*

This is an action brought by plaintiff's testatrix to have the defendants declared to be trustees of the lands described in the complaint. The case upon the pleadings and the issues found by the jury is as follows:

On the 6th of February, 1867, one Samuel Smith executed and delivered to Richard Washington a deed for the lands set forth in the complaint in trust to sell the same for the payment of the debts therein described, which deed was duly registered. That thereafter, to-wit, at February term, 1867, of Wayne county court, the plaintiff's testatrix recovered a judgment against said Smith for a large amount, and on the 19th day of August ensuing caused the interest of said Smith in said lands to be exposed to sale under an execution issued upon said judgment and at said sale became the purchaser at the price of $.. ..., paid the money to, and took a deed in fee from the sheriff, for the interest of said Smith in the land. That after this on the ..... day of ........., the said Richard Washington died, and upon

* Smith, C. J., did not sit on the hearing of this case.

proper proceedings had for that purpose, in the court of equity for said county, one William G. Morisey, clerk and master of said court, was appointed trustee in place of said Washington, and in pursuance of a decree in the cause, Morisey as trustee sold the land at public outcry in Goldsboro, when the defendants became the purchasers at the price of three thousand and two dollars, paid the purchase money, and the sale was reported and confirmed by said court, and under an order thereof a title in fee to the land was made by Morisey as trustee, by deed bearing date March 30th, 1867. That plaintiff's testatrix was not a party to said proceedings.

After this last sale and confirmation, to-wit, on the 29th day of December, 1867, Smith was ejected from the land by the defendants, who have held the continuous adverse possession of the same ever since.

On the 23rd day of January, 1871, plaintiff's testatrix commenced an action in nature of ejectment in the superior court of said county against the defendants for the recovery of the land, on the ground that the deed of trust from Smith to Washington was fraudulent and void, which action was finally decided against the plaintiff at June term, 1876, of this court. The present action was commenced on the 19th day of March, 1877.

To the issues submitted, the jury returned the following finding:

1. What is the amount of indebtedness in said deed of trust? Ans. $18,761.23, of which $8,943.08 is principal, and $9,818.35 is interest.

2. What is the value of the land in controversy? Ans. Three thousand seven hundred dollars.

3. What is its annual value? Ans. Two hundred and seventy dollars.

4. What was the value of the personal property embraced

in said deed of trust at the time it was closed on the 29th day of December, 1867 ?  Ans. Three hundred dollars.

The testatrix died after the commencement of the action, and by her will which was duly admitted to probate appointed the plaintiff her executor and devised to him the lands in controversy.

The defendants for defence say that the plaintiff acquired no title to her interest in the lands in dispute by her purchase at the sheriff's sale, under the execution in her favor against Smith and others, for Smith had no interest at the time liable to execution, and that the plaintiff's action is barred by the statute of limitations.  His Honor gave judgment for the defendants and the plaintiff appealed.

*Mr. W. T. Faircloth,* for plaintiff.
*Messrs Dortch, Strong* and *Smedes,* for defendants.

ASHE, J.  The defendants relied for their defence partly upon the statute of limitations, and we think the case turns upon that question.  It is therefore unnecessary to consider it in any other aspect.

The defendants obtained title under the sale by the trustee on the 30th of March, 1867, ejected Smith on the 27th of December following, and have had the continuous adverse possession of the land ever since, and the present action was commenced on the 19th of March, 1877, more than seven years after the plaintiff's cause of action had accrued.

But the plaintiff insists that the operation of the statute was arrested by the institution of the action of ejectment commenced in 1871, for the land in controversy, which was not finally decided until the June term, 1876, of this court, and then that this action was brought within twelve months after the determination of said suit.  If this action were for the same cause as that brought by the plaintiff's testatrix and determined in 1876, the position would be sustainable

and this case would come within the principle enunciated in *Hall* v. *Davis*, 3 Jones Eq., 413. But that case was an action of ejectment brought by the plaintiff's testatrix to recover the land in dispute, on the ground that the deed in trust made by Smith to Washington was fraudulent and void as against creditors, and this is an action founded upon the assumption that that deed was *bona fide* and valid, and seeks to convert the defendants into trustees, and have the land conveyed to plaintiff or sold, and after making certain deductions to apply the remainder of the proceeds to the plaintiff's debt. This is a cause of action different from the former action and altogether inconsistent with it.

The case of *Whitfield* v. *Hill*, 5 Jones Eq., 316, is directly in point and we think settles this question. There, the lands of one Hugh Whitfield had been sold under execution against him, and soon thereafter he brought an action of ejectment against the purchaser at the sheriff's sale, upon the ground that the sale was fraudulent and void, the bidding at the sale as alleged having been "stifled" by the purchaser. And while this action was still pending, but more than seven years after the sale, the defendant having been in continuous adverse possession thereof during all that time, the plaintiff filed a bill in equity alleging the fraud at the sale, and praying that the alienee of the purchaser might be converted into a trustee and the land reconveyed to him. But this court held that the suit was barred by the statute of limitations, for the reason, "the right which the plaintiff insisted on at law was to set aside the sheriff's deed *in toto*, and treat it as a nullity. The right which he now insists on in equity is to convert the defendant into a trustee, assuming the validity of the sale to pass the legal title, and admitting the right of the defendant to hold the land as security for the amount of the judgment and costs, which two rights are inconsistent." And again in *Taylor* v. *Dawson*, 3 Jones Eq., 86, it is held, where a deed in

trust was made to secure *bona fide* debts, one who took the trustee's title, is protected by the statute of limitations, however fraudulent he may have acted in suppressing competition, and although he bought in the property for the trustor."

It will be noted, the plaintiff does not seek by his action as the purchaser of the interest of Smith at the sheriff's sale to be subrogated to any rights he might be supposed to have, to redeem the land as mortgagor, for that would subject him to the duty of paying the debts secured in the mortgage or deed in trust before he could perfect his legal title; but he seeks to deprive the defendants of the legal rights they have acquired by their *bona fide* purchase at the trustee's sale, and have them declared trustees to his use, and to answer for the rents and profits during the time they have been in possession. We are not aware that any such equity has ever been recognized by the courts.

We are of the opinion the plaintiff's action was barred by the statute of limitations and that there is no error. The judgment of the court below is therefore affirmed.

No error.                                        Affirmed.