McG. MOBLEY v. E. W. GRIFFIN and D. T. WATERS.

*Pleading—Action to Recover Land—Homestead—Sale, Execution—Evidence.*

1. Under a general denial in the present system of pleading, as under the general issue in the former practice, in an action to recover possession of land, any conveyance produced by the plaintiff as a link in his chain of title may be attacked by showing its invalidity to pass title.

2. Where the plaintiff in an action to recover land deduces his title through execution sale, the burden is on the defendant to show that no homestead had been allotted to the execution debtor before sale : but where that fact appears, whether by the admission of the parties or by evidence proceeding from either of them, it will prevent a recovery although not specially pleaded.

3. The several methods of establishing a *prima facie* case, in actions to recover land, pointed out by *Avery, J.*

This was a CIVIL ACTION, for the recovery of land, tried before *Connor, J.*, at the March Term, 1889, of the Superior Court of MARTIN County.

The plaintiff claimed title to a tract of land described in the complaint, and alleged that the defendant was in the wrongful possession thereof.

The defendant Griffin disclaimed title, but the defendant Waters denied the plaintiff's title to the land and the wrongful possession thereof.

The plaintiff, for the purpose of showing title in himself, introduced—

1. The will of Martin Griffin, dated April 1, 1796, duly admitted to probate.

2. The will of Edward Griffin, dated October 18, 1843, admitted to probate at the July Term, 1857, of the Court of Pleas and Quarter Sessions of Martin County, devising the land in controversy to Ely H. Brewer; and then proved the death of Ely H. Brewer, and that Mary Brewer was his sole heir at law, and as such entered into the possession of the land.

The plaintiff next introduced a judgment in the Superior Court of Martin County, dated December 11, 1878, for the sum of thirty dollars and ten cents, with interest thereon from the 28th day of September, 1878, and costs, in an action wherein McG Mobley, the present plaintiff, was plaintiff, and the said Mary Brewer was defendant, and an execution issued on said judgment December 26, 1878, to the Sheriff of Martin County, which was returned with the following endorsement:

"Levied this execution on Mary Brewer's (now Mary Terry) interest in the tract of land whereon she now lives, adjoining the lands of H. C. Hardison and others, containing one hundred and twenty-four acres, more or less.

"December 31, 1878."

"I duly advertised the land levied on, according to law, and sold the same for cash, before the court-house door in

104—8

the town of Williamston, on the 3d day of February, 1879, when and where McG. Mobley became the last and highest bidder in the sum of thirty-six dollars. After deducting the Court costs and my commissions, I apply to this execution thirty dollars and ten cents, which satisfies the same, and there is still in my hands the sum of forty cents.

"This the 3d day of February, 1879.

"W. J. HARDISON, *Sheriff.*"

And then showed, in evidence, a deed from W. J. Hardison, Sheriff, to himself, dated February 3, 1879, and duly recorded.

It was in evidence, and admitted to be true, that the said Mary Brewer, who had, after the judgment, intermarried with one George Terry, had at the time of the levy and sale no other property; that she removed to the county of Washington, and died, since the institution of this action.

The defendant demurred to the evidence, and contended that the plaintiff could not recover, for that no homestead had been allotted to the defendant in the execution, and that the sale by the Sheriff was void and passed no title to the plaintiff to said land.

Upon an intimation by the Court that the sale was void for the reason assigned, and that, therefore, the plaintiff could not recover, he submitted to a non-suit and appealed.

*Mr. J. E. Moore,* for the plaintiff.
No counsel for the defendant.

AVERY, J. (after stating the facts). The general rule is, that the burden is on the plaintiff, in the trial of actions for the possession of land, as in the old action of ejectment, to either prove a title good against the whole world, or good against the defendant by estoppel. *Taylor* v. *Gooch,* 3 Jones, 467; *Kitchen* v. *Wilson,* 80 N. C., 191.

The plaintiff may safely rest his case upon showing such facts and such evidences of title as would establish his right to recover, if no further testimony were offered. This *prima facie* showing of title may be made by either of several methods. Wait & Sedgwick on Trial of Title to Land, § 801; *Conwell* v. *Mann*, 100 N. C., 234; Malone Real Property Trials, 83.

1. He may offer a connected chain of title, or a grant direct from the State to himself.

2. Without exhibiting any grant from the State, he may show open, notorious, continuous adverse and unequivocal possession of the land in controversy, under color of title in himself and those under whom he claims, for twenty-one years before the action was brought. *Graham* v. *Houston*, 4 Dev., 232; *Christenbury* v. *King*, 85 N. C., 229; *Osborne* v. *Johnston*, 65 N. C., 22.

3. He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title in himself, and those under whom he claims, for seven years before the action was brought. *Blair* v. *Miller*, 2 Dev., 407; *Chrisenbury* v. *King, supra; Isler* v. *Dewey*, 84 N. C., 345.

4. He may show, as against the State, possession, under known and visible boundaries, for thirty years, or, as against individuals, for twenty years, before the action was brought. Sections 139 and 144, *Code* of North Carolina.

5. He can prove title by estoppel, as by showing that the defendant was his tenant, or derived his title through his tenant, when the action was brought. *Code*, § 147; *Conwell* v. *Mann, supra; Melvin* v. *Waddell*, 75 N. C., 361.

6. He may connect the defendant with a common source of title, and show in himself a better title from that source. *Whissenhunt* v. *Jones*, 78 N. C., 361; *Love* v. *Gates*, 4 Dev. & Bat., 363; *Spivey* v. *Jones*, 82 N. C., 179.

While the plaintiff in this action did not introduce a grant from the State, he offered a chain of title connecting himself with the will of Edmund Griffin, dated April 1, 1796, and we infer, both from the record and the argument in this Court, that possession for twenty-one years, under this title, by Mary Brewer and those under whom she claims, was shown or admitted in the Court below. But, after making this admission, the defendant demurred *ore tenus* to the testimony, for that it had also been proven on the part of the plaintiff that the homestead of Mary Brewer, the defendant in the execution under which plaintiff bought at Sheriff's sale, owned no other land at the time of the sale, and the land in controversy was sold as her property, without allotting her homestead, wherefore the Sheriff's deed was void.

If the plaintiff had offered, in connection with his other evidence tending to show title, the Sheriff's deed, with judgment, execution and proceeding by virtue of it, simply, but no testimony tending to show that a homestead had or had not been allotted to Mary Brewer, he would have made a *prima facie* case, upon which the defendant could not have asked for judgment of non-suit.

Counsel for plaintiff contended, on the argument in this Court, that the defendant could not object to the validity of the Sheriff's deed, unless he had specially set up in his answer that it was void for the reason assigned.

Both under *The Code* pleadings and the more formal rules applicable in the trial of ejectment, it is competent, under a general denial or the general issue, to show that any deed offered by a party as evidence of title is void, for the reason that it was executed in the face of a statute prohibiting its execution, or by reason of a want of capacity in the grantor, or for fraud in the *factum*, as where the deed was executed by one, at the time, too drunk to know what he was doing, or by an ignorant man, who could not read, and to whom

the deed was fraudulently misrecited. *Nichols* v. *Holmes*, 1 Jones, 360; *Perry* v. *Fleming*, 2 Car. L. R., 458, 344; *Suttles* v. *Hay*, 6 Ired. Eq., 124.

In the case of *Jones* v. *Cohen*, 82 N. C., 75, Chief Justice SMITH lays down the rule as follows: "In ejectment, any deed, produced as a link in the chain of title, may be attacked and invalidated by showing incapacity in the maker, and this without any record specification of the nature of the obligation." Indeed, in all controversies as to title, evidence impeaching an alleged title deed is always as competent as that sustaining it. *Clayton* v. *Rose*, 87 N. C., 106; *Freeman* v. *Sprague*, 82 N. C., 366.

The case of *Wilson* v. *Taylor*, 98 N. C., 275, was cited and relied upon to sustain the view advanced by the appellant. In that case, however, there was no evidence offered to show whether a homestead had been allotted or not, and, after the close of the evidence, the defendant contended that the burden was on the plaintiff to show, affirmatively, that the homestead of the debtor was laid off in land other than that sold, and thus establish the validity of his deed. In holding with the Judge below, that the plaintiff was not required to make such proof as a part of his *prima facie* case, this Court sustained the rule already announced. The question of the competency of testimony impeaching the deed, in the absence of a special plea in the answer, was not raised, because no such evidence was, in fact, given or offered.

In *McCracken* v. *Adler*, 98 N. C., 400, it was admitted, as in the case at bar, that no homestead had been allotted to the defendant in execution, and the Court held that the Sheriff's deed to the purchaser at the execution sale was void as against a defendant who had set up in his answer only a general denial of the plaintiff's title. There was no error.

Let this opinion be certified, to the end that judgment may be entered accordingly.

Affirmed.