PEOPLES BANK & TRUST COMPANY, GUARDIAN AND ADMINISTRATOR OF W. L. GROOM, v. TAR RIVER LUMBER COMPANY, A CORPORATION.

(Filed 22 March, 1944.)

**Appeal and Error § 37e—**

On an appeal from the denial of a motion to set aside an order allowing a claim of a creditor against a corporation in the hands of a receiver, where it appears that the judgment on the motion below was based on numerous findings of fact, which in some instances are not supported by evidence and some of which are not in accord with the record, the judgment will be vacated and the cause remanded for further consideration.

BARNHILL, J., dissents.

APPEAL by movant S. T. Anderson from *Williams, J.,* at May Term, 1943, of NASH.
Motion in the cause by S. T. Anderson was denied, and he appealed.

*John F. Matthews and G. M. Beam for movant, appellant.*
*F. S. Spruill for defendants, appellees.*

PER CURIAM. The movant S. T. Anderson, a creditor of the defendant, Tar River Lumber Company, moved to set aside so much of an order

heretofore entered in the receivership of the defendant Lumber Company as allowed the claim of the W. L. Groom estate, on the ground that the order in this respect was irregular. Questions relating to the receivership of defendant Lumber Company, in so far as they involved the disallowance of the Hanes claim, were considered by this Court at Spring Term, 1942 (221 N. C., 89). The movant S. T. Anderson alleges that the Groom claim was invalid, was improperly allowed, and that this claim is so large that if the allowance stands movant's claim cannot be paid in full.

The matter was heard below and judgment rendered denying the motion. This ruling was based on numerous findings of fact. Upon examination of these, however, it appears that in some instances supporting evidence is lacking, or the finding is not in accord with the record. Questions arise whether the receivers and the Groom estate are jointly resisting the motion; whether the movant's evidence does not show a meritorious defense to the Groom claim; whether the affidavit of the former attorney of movant was considered against him by the court (*Guy v. Bank,* 206 N. C., 322, 173 S. E., 600); whether the alleged agreement between movant and the representatives of the Groom estate was approved by the Court, and whether such an agreement was available to the receivers in support of the validity of the Groom claim, and as a defense to Anderson's motion.

Under the circumstances, we think the judgment appealed from should be vacated and the cause remanded to the Superior Court for further consideration of the matters involved in Anderson's motion, and it is so ordered.

Error and remanded.

BARNHILL, J., dissents.