DAY *v.* GODWIN AND DAY *v.* PAPER CO. AND DAY *v.* BLANCHARD.

on the ground that the grantors could not convey the premises in fee simple. Mary Regan at the time was more than seventy years of age and had never married. The court below held that the grantors could convey a good title to the premises. On appeal to this Court, among other things, the Court said: " * * * (W)e conclude that the deed should be construed as if it read 'To Mary Regan and the heirs of her body (a fee simple, C.S., 1734 (now G.S. 41-1) ), and if she should die not having such heirs or issue living at the time of her death, then to the heirs of the grantor.'" The Court then held that "* * * Mary Regan acquired, under the deed of her grantor, a fee simple, determinable upon her dying without having heirs of her body or issue living at the time of her death, and that she and her coplaintiff cannot convey to the defendant an indefeasible estate in fee."

We hold that the grantors conveyed to the grantees and their successors a fee simple title to the premises described in said deed, determinable upon the abandonment of the premises for school purposes. We further hold that the reverter clause and the purposes for which the property was to be held as expressed in the *habendum,* are not irreconcilable with or repugnant to the granting clause. Hence, the judgment of the court below is

Affirmed.

---

NERE E. DAY v. E. P. GODWIN AND J. W. BLANCHARD.

AND

NERE E. DAY v. INTERNATIONAL PAPER COMPANY.

AND

NERE E. DAY v. J. W. BLANCHARD AND E. P. GODWIN.

(Filed 11 January 1963.)

1. **Trespass to Try Title § 2—**
   In an action involving land, defendants denial of plaintiff's title places the burden upon plaintiff to establish his title by one of the methods recognized by law.

2. **Boundaries § 5—**
   Where a grant or deed calls for the lines and corners of senior grant or deed, the senior instrument controls, and the correct boundaries can be established only by surveying the senior conveyance.

3. **Trespass to Try Title § 4—**
   In an action involving title to land plaintiff must fit the descriptions in his chain of title to the land claimed, and show that the land is em-

braced within the descriptions, and in the absence of competent evidence on this aspect nonsuit is properly entered.

**4. Deeds § 24—**

Judgment in a proceeding under the Torrens Act cannot have the effect of adjudicating the respective boundaries of the defendants *inter se*, there being no adversary position in the proceeding between defendants, actually or by privity.

**5. Judgments § 29—**

Ordinarily a judgment does not bar the rights of plaintiffs or of the defendants *inter se* when there is no hostile or conflicting claim brought in issue as between the co-parties.

**6. Boundaries § 8—**

Neither a party nor his surveyor may testify as to the location of a line or boundary solely from a map or aerial photograph when neither has made an actual survey or gone upon the ground, and therefore has no actual knowledge of the facts testified to.

**7. Trespass to Try Title § 4—**

A jury may not be allowed to locate a boundary upon mere hypothetical evidence.

MOORE, J., took no part in the hearing or disposition of this case.

APPEALS by plaintiff from *Parker, J.,* April 1962 Civil Term, CARTERET Superior Court.

The plaintiff instituted three civil actions, as entitled above, in the Superior Court of Onslow County on February 27, 1958. The complaint in each action alleges the plaintiff is the owner of a tract of land, giving the boundaries by course and distance. In the case against Godwin and Blanchard, the complaint alleges the defendants have trespassed upon the described lands, claiming title thereto under a purported deed from S. G. Blake. The plaintiff prays that he be declared to be the owner of the land and that he recover damages for the trespass; and that the Blake deed be removed as a cloud upon his title.

In the case against International Paper Company, the complaint alleges the defendant claims an interest in the land by reason of a purported deed through Mead and Manucy which constitutes a cloud upon his title. Plaintiff prays that he be declared to be the owner and that the cloud be removed from his title.

In the case against Blanchard and Godwin, the complaint alleges the defendants have wrongfully entered upon the same tract involved in the *International Paper Company* case, trespassed thereon by setting up a sawmill, cutting and removing timber of the value of $11,000.00. The plaintiff prays that he be declared to be the owner of

the land and that he recover double damages because of the trespass thereon.

All the defendants, by answer, denied both title in the plaintiff and the trespass upon any of his lands. At the January Term, 1959, the court, upon motion of the defendants, removed the cases to Carteret County for trial. At the May Term, 1960, (Carteret County) Judge Paul entered an order consolidating the three cases for trial. At that term the parties entered into the following stipulations:

"1.   Plaintiff's position and contention in these suits are that he is the owner of the lands described in his complaint, his title dating back to the Allison Grant of 1795; that the Western boundary of the lands described in the petition is the true boundary between Pender (New Hanover) and Onslow Counties, as of 1795; that the western boundary of plaintiff's lands is as shown by the Line A-C on the map attached to that certain judgment entered in the Superior Court of Sampson County in 1938, in an action entitled *'Nathan O'Berry, Trustee, against William Pierce, et al.'*;

"2.   The defendants' positions and contentions are that they are the owners of lands in Pender County, their title dating back to the Daniel Wheaton Grant of 1794, and that the Eastern boundary of their lands is the true boundary between New Hanover (now Pender) and Onslow Counties as it existed in 1794; that the line A-C as shown on the map referred to in the judgment entered in 1938 in the Sampson County Superior Court in the suit entitled *'Nathan O'Berry, Trustee, v. William Pierce, et al.,'* does not correctly locate the true boundary line of Pender (New Hanover) and Onslow Counties as of 1794.

\* \* \*

"4.   That in these three actions, the lands claimed by plaintiff and out of which these actions arise, lie East of the line marked A-C as such line appears on the map forming a part of the judgment roll of the Sampson County Superior Court case in 1938.

"5.   It is stipulated and agreed:

(a)   That the photostatic copy of the petition entitled *'Nathan O'Berry, Trustee, against William Pierce,'* initialed 'J. E.,' is a copy of the petition in the said cause as captioned and may be admitted in evidence as if it were an original pleading:

(b)   That the map captioned 'Holly Shelter Area,' showing lands of North Carolina State Board of Education, *et. al.,* made by G. B. Cooper and L. E. Wooten, dated June 1928 on which certain red markings appear, is the map or a copy of said map referred to in

the judgment referred to in stipulations aforementioned; that the lands described in the petition in the registered proceeding, '*Nathan O'Berry against William Pierce, et al.,*' *does not embrace the lands described in the complaints in these causes.*" (emphasis added)

At the June Term, 1960, Judge Paul, upon his own motion, entered an order of compulsory reference, designating Hon. Oliver Carter, Jr., as referee. All parties excepted to the order of reference and demanded a jury trial.

The referee, after long and tedious hearing, made detailed findings of fact, among which are the following: "Plaintiff failed to locate the beginning point of the David Allison Grant, 'a cypress near Sages in the county line, a corner of James Carroway and Daniel Wheaton's land.' He did not offer any evidence tending to locate the cypress. He did not offer any substantive evidence tending to locate James Carroway's or Daniel Wheaton's corner. The plaintiff did not locate the second corner of the David Allison Grant, 'the 12-mile post on the road from Snead's Ferry to Sages.'

"Plaintiff did not offer evidence sufficient to locate and establish definitely any corner of the Allison Grant land from which the lines could be run with certainty forward or from which a survey in reverse would make certain the forward running of any of the lines.

"The line A-C . . . the 'Judgment County Line' in the Torrens Proceeding . . . is not the county line called for in the Allison grant description as the western line thereof."

From the findings of fact, the referee concluded as a matter of law: (1) The plaintiff has failed to show the lands described in his complaint are embraced in the Allison Grant. (2) He has failed to show title in himself either by adverse possession or by estoppel. The referee filed his report together with a transcript of the evidence taken before him, and upon the basis thereof recommended that the plaintiff be nonsuited and his three actions dismissed. The plaintiff filed exceptions to the referee's report and demanded a jury trial.

*Judge Parker,* after hearing, overruled the exceptions, confirmed the report, entered a consolidated judgment of nonsuit, and dismissed each action. The plaintiff excepted and appealed.

*Ellis, Godwin & Hooper; Poisson, Marshall, Barnhill & Williams; Hamilton, Hamilton & Phillips and Paul G. Sylvester for plaintiff appellant.*

*Wyatt E. Blake, E. E. Butler, and C. R. Wheatly, Jr., for defendants, appellees.*

Higgins, J.  The consolidated judgment dismissed the plaintiff's three actions because of his failure to prove title to any of the lands described in his pleadings. In actions involving land, a denial places upon the claimant the burden of establishing his title by one of the methods recognized by law. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142; *Paper Co. v. Cedar Works,* 239 N.C. 627, 80 S.E. 2d 665; *Meeker v. Wheeler,* 236 N.C. 172, 72 S.E. 2d 214; *Keen v Parker,* 217 N.C. 378, 8 S.E. 2d 209.

In these cases the plaintiff stipulated that his title had its source in Grant No. 732 for 78,115 acres issued by the State in 1795 to David Allison. Plaintiff introduced in evidence a photostatic copy of the Grant, to which was attached the surveyor's plat showing all perimeter lines and corners: "Beginning at a cypress near Sages in the county line, a corner of James Carroway's and Daniel Wheaton's land on said county line, and runs South 49 East 480 poles to the 12-mile post on the road from Snead's Ferry to Sages." Then follow 26 calls, many of which are for corners of adjoining lands. The three closing calls are: "South 75 West 540 poles to a stake in Joshua Howard's line; then West to New Hanover County line and with said line South to the Beginning."

The defendants stipulate their titles have their source in a grant issued to Daniel Wheaton in 1794. The Wheaton Grant was not introduced in evidence.

It is apparent from the stipulations and the calls of the Allison Grant that the two grants cover contiguous lands, Allison on the east and Wheaton on the west. Consequently the senior grant (Wheaton) controls in case of conflict. The junior, regardless of the call, must stop at the Wheaton line. The plaintiff has made the mistake of attempting to locate the western line of the Allison Grant by surveying, or attempting to survey, the calls of that grant. He may locate the line only by surveying the Wheaton line for which the Allison Grant calls. "A description contained in a junior conveyance cannot be used to locate the lines called for in a prior conveyance." *Carney v. Edwards,* 256 N.C. 20, 122 S.E. 2d 786; *Harris v. Raleigh,* 251 N.C. 313, 111 S.E. 2d 329; *Cornelison v. Hammond,* 224 N.C. 757, 32 S.E. 2d 326. Resort may not be had to a junior conveyance for the purpose of locating a call in a senior deed. *Bostic v. Blanton,* 232 N.C. 441, 61 S.E. 2d 443.

As pointed out in the referee's report, the plaintiff was unable to establish the calls in the Allison Grant and hence was unable to identify his source of title as covering the land he claims. ". . . a plaintiff must offer evidence which fits the description contained in his deed to the land claimed. . . . If one or more of his deeds convey less than the whole, he must show that the land conveyed thereby is within the

bounds, and forms a part, of the *locus in quo.*" *Skipper v. Yow*, 238 N.C. 659, 78 S.E. 2d 600; *Parsons v. Lumber Co.*, 214 N.C. 459, 199 S.E. 626. "Whether relying on their deed as proof of title or color of title, they were required to locate the land fitting the description in the deeds to the earth's surface." *Andrews v. Bruton*, 242 N.C. 93, 86 S.E. 2d 786; *Batson v. Bell*, 249 N.C. 718, 107 S.E. 2d 562.

For the reasons assigned by the referee the defendants are not estopped by the Torrens judgment. The petition does not cover the lands in dispute. Neither the plaintiff nor the defendants, actually or by privity, occupied adversary positions in the proceeding. Their rights, as among themselves, were not placed in issue by their pleadings. On the issues raised in this case the Torrens judgment is not an estoppel. "A judgment ordinarily settles nothing as to the relative rights and liabilities of the coplaintiffs or codefendants *inter se,* unless their hostile or conflicting claims were actually brought in issue, litigated and determined." *Gunter v. Winders*, 253 N.C. 782, 117 S.E. 2d 787, citing many authorities.

Plaintiff's testimony that the lands in dispute are within the Allison Grant is rendered without probative force by his lack of knowledge as to the location of the lines of that Grant, one of which is the Onslow-New Hanover (now Pender) County line. When counsel for defendants cross-examined plaintiff with respect to the county line as fixed by the Legislature, he testified: "Those are the boundaries defined by the original act setting up the county in 1734. . . . That is the only legislative description that has ever been made of the county. It has since been changed by the sentiment of the people in the area not covered by the description at all."

Neither plaintiff nor his surveyor has ever attempted to survey the Allison Grant or the Wheaton Grant, the latter of which controls as the prior conveyance. Therefore, plaintiff cannot testify that his land is within the Allison Grant. *Etheridge v. Wescott*, 244 N.C. 637, 94 S.E. 2d 846.

Instead of making an actual survey of the Allison Grant, the plaintiff's surveyor attempted to superimpose the plat attached to the grant upon an aerial photograph of the section of Onslow and Pender Counties involved. Having failed to locate the crucial corners and lines upon the ground, he does not explain and the record does not disclose how he may be able to do better on a picture or a drawing. "It is error to allow a jury on no evidence, or only on hypothetical evidence, to locate the lands described in a deed." *Skipper v. Yow, supra.*

The plaintiff has failed to show that he holds title to the lands in dispute. The consolidated judgment entered in the superior court is Affirmed.

MOORE, J., having participated in one of the hearings while he was Superior Court Judge, does not take part in the hearing and disposition in this Court.