NANCY PRUDEN, MARY P. WILLIS AND HUSBAND, B. G. WILLIS; VIRGIE P. PHELPS; W. GRADY PRUDEN AND WIFE, SUE PRUDEN, v. J. B. KEEMER AND WIFE, ELLA KEEMER.

(Filed 19 June 1968.)

1. Trespass to Try Title § 1—

In an action in trespass to try title plaintiff must allege and prove both title in himself and trespass by defendant.

2. Trespass to Try Title § 2—

In an action in trespass to try title defendant's denial of plaintiff's allegations of title and trespass places the burden on plaintiff to establish each of these allegations.

3. Same—

Plaintiff must rely on the strength of his own title which he must prove by some method recognized by law.

4. Trespass to Try Title § 4;    Partition § 1—

In an action in trespass to try title, plaintiff's evidence that its title derived from a partition proceeding is insufficient to establish the proceeding as a common source of title for the plaintiff and the defendant when there is no showing that defendant or its predecessors in title were parties to the partitioning.

5. Evidence § 25;    Boundaries § 13—

In an action in trespass to try title, it was error to admit in evidence a map prepared for the purpose of applying for a bank loan, since a map

is ordinarily inadmissible as substantive evidence unless made in pursuance of a court order.

**6. Appeal and Error § 59—**

Fact that referee and the trial court considered incompetent evidence introduced by plaintiff in an action for trespass to try title does not entitle defendant to a directed verdict, and the evidence will be considered on appeal in passing upon the sufficiency of plaintiff's evidence to withstand nonsuit, since the admission of such evidence may have caused plaintiff to omit competent evidence of the same import.

APPEAL by defendants from *Parker, J.,* 1 December 1967 Session of BERTIE Superior Court.

This is a civil action in which plaintiffs allege that defendants trespassed upon plaintiffs' lands by cutting and removing timber therefrom. Plaintiffs ask for damages and injunctive relief.

In their complaint plaintiffs allege that they are the fee simple owners of lot no. 5 of the Jacob Pruden lands as particularly described in a division proceeding recorded in Book RR, page 42, *et seq.,* Bertie County Public Registry.

In their answer defendants deny plaintiffs' title and deny any trespass on any lands belonging to plaintiffs. In their further answer defendants allege that defendant J. B. Keemer is the owner of certain lands described in deed dated 6 December 1934 from Billie B. Rice and wife to J. B. Keemer, and recorded in Book 289 at page 517, Bertie County Registry. Defendants further allege that they have been in continuous possession "of the lands claimed by the plaintiffs in the action as the place of trespass and timber cutting under known and visible lines and boundaries and under colorable *(sic)* title for more than seven years next preceding the commencement of the action," which possession is expressly pleaded.

On 29 November 1965 Peel, J., referred the action to Honorable Eric Norfleet, Referee, with directions to hear the evidence, find the facts, and report his findings of fact and conclusions of law to the court as provided by statute. Plaintiffs and defendants excepted to the order of compulsory reference.

Hearings were held by the Referee, and on 5 November 1966 he filed his report containing the following findings of fact and conclusions of law pertinent to this appeal:

### FINDINGS OF FACT

"1. The plaintiffs and defendants are adjoining land owners. The lands of the plaintiffs extend to and constitute and *(sic)* southern boundary of the lands of the defendants, and the lands of the defendants extend to and constitute the northern boundary of the lands of the plaintiffs.

"4. The chain of title of plaintiffs and defendants stems from a common source, namely, Jacob Pruden.

"5. The plaintiffs' lands are accurately described in the Jacob Pruden Division (PX 1 and 2). The defendants' lands are described by adjoining land owners, and reference to the Jacob Pruden lands, and several of the owners deriving title under that division. The deed under which the defendants acquired title to their lands contains like references (PX 3).

"6. The chain of title to defendants' lands show the acreage as '122 acres, more or less'. Their contentions would give them from 125 to 130 acres additionally, which would be cut out of the plaintiffs' lands, Lot No. 5 of the Jacob Pruden Division.

"7. In 1948, the defendants had a survey and map of their lands made by J. B. Parker, a Registered Land Surveyor. This map shows 122 acres (PX 6).

"8. The boundary line between the lands of the plaintiffs and the lands of the defendants is on the line DEF, as shown on the Court Map, however, by stipulation the plaintiffs do not claim any lands lying north of the line shown on map of the J. B. Keemer land (PX-6), which is as follows:"
(Line was set out by courses and distances.)

### Conclusions of Law.

"5. The plaintiffs are entitled to recover of the defendants the sum of $231.49 and interest from May 19, 1960 for the trespass and cutting and removing of the timber and trees in question."

In due time defendants filed numerous exceptions to the Referee's report. The action came on for hearing on the exceptions before Parker, J., who denied all of defendants' exceptions, approved and adopted the findings of fact and conclusions of law of the Referee, and entered judgment adjudging the boundary line between the lands of plaintiffs and the lands of defendants as determined by the Referee, and entered monetary judgment against the defendants for Two Hundred Thirty-One Dollars and Forty-Nine Cents ($231.49) plus interest and costs. Defendants entered exceptions to the judgment and appealed.

*Pritchett, Cooke & Burch by J. A. Pritchett, Attorneys for plaintiff appellees.*
*James R. Walker, Jr., Attorney for defendant appellants.*

MALLARD, C.J.  This action resolves itself into an action in trespass to try title; therefore, plaintiffs must allege and prove both title in themselves and trespass by defendants. 4 Strong, N. C. Index, Trespass to Try Title, § 1.

In their complaint plaintiffs allege fee simple title ownership of Lot No. 5 of the Jacob Pruden Estate Lands and trespass thereon by defendants; in their answer, defendants flatly deny these allegations.

Defendants' denial of plaintiffs' allegations of title and trespass places the burden on plaintiffs to establish each of these allegations. *Day v. Godwin*, 258 N.C. 465, 128 S.E. 2d 814. Plaintiffs must rely on the strength of their own title, and prove their title by some method recognized by law. *Tripp v. Keais*, 255 N.C. 404, 121 S.E. 2d 596; *Day v. Godwin, supra*. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142.

In his report the Referee recognized these principles of law and evidently concluded that plaintiffs had introduced sufficient evidence to come within Rule 6 in *Mobley v. Griffin, supra*. In paragraph 4 of his report the Referee states: "The chain of title of plaintiffs and defendants stems from a common source, namely, Jacob Pruden."

Defendants except to this particular finding of fact and contend that it is not supported by sufficient, competent evidence. The exception is well taken.

As a starting point in proving their title, plaintiffs introduced the Report of Commissioners and map in the partition proceeding of the Jacob Pruden Estate Lands, dated 18 January 1877, together with order confirming the report. In said proceeding Lot No. 5 was allotted to Joseph C. Pruden, father of the plaintiffs.

Plaintiffs also introduced a deed from Angy Luton *et als* to Aaron L. Collins, dated 12 September 1871, conveying "one part of the tract of land left to us by our grandfather William Bunch and lately in the possession of Jacob Pruden situated in Bertie County, adjoining the lands of Jacob Pruden and Elizabeth Spivey." Defendants allege Collins as their predecessor in title and the evidence shows that plaintiffs' land is located south of defendants' land.

The partition proceeding and deed aforesaid were insufficient to show Jacob Pruden as a common source of title for plaintiffs and defendants. The legal effect of the introduction of the partition proceeding before the Referee was to prove plaintiffs as the owners of lot no. 5 to the exclusion of other heirs of Jacob Pruden; it did not have the effect of proving any title or establishing any boundary as against defendants inasmuch as there was no showing that defend-

ants or their predecessors in title were parties to the partition proceeding. See *Huffman v. Pearson,* 222 N.C. 193, 22 S.E. 2d 440.

The only evidence before the Referee to support his finding of fact no. 4 was the partition proceeding and the deed aforesaid. He erroneously considered the partition proceeding as a beginning link in plaintiffs' chain of title.

Defendants also excepted to the introduction of a map of their lands made by J. B. Parker, surveyor, in 1948; this map is referred to in the Referee's finding of fact no. 7. The exception is well taken.

The evidence indicates that the map was prepared for the purpose of applying for a Federal Land Bank loan but was not used; neither was it recorded. It was said by Winborne, J. (later C.J.), in *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593: "A map or plat of a survey not made in pursuance of an order of the court is inadmissible as evidence *per se*. While it may be used by a witness under examination to explain or elucidate his testimony, it may not be exhibited as substantive evidence." (citations.)

Defendants contend that the Referee and Superior Court committed prejudicial and reversible error in refusing to enter a directed verdict and judgment for the defendants on questions of title and boundaries. This contention is overruled. In *McDaris v. "T" Corp.,* 265 N.C. 298, 144 S.E. 2d 59, it is said: "Notwithstanding the incompetency of the testimony, we must consider it on the motion for nonsuit. Evidence erroneously admitted will nevertheless be considered on appeal in passing upon the sufficiency of plaintiff's evidence to withstand nonsuit since the admission of such evidence may have caused plaintiffs to omit evidence of the same import."

We hold that crucial findings of fact and conclusions of law of the Referee were based on improper evidence and that the Superior Court committed error in not sustaining defendants' exceptions thereto.

Defendants made numerous additional assignments of error, but inasmuch as this action is being remanded because of the errors above mentioned, we do not deem it necessary to consider the remaining assignments of error.

The judgment of Judge Parker is vacated, and this cause is remanded to the Superior Court of Bertie County for further proceedings consistent with this opinion.

Error and remanded.

BRITT and MORRIS, JJ., concur.