MYRTIE KELLER, LUCRETIA K. WELCH, DAISY K. BATEMAN, MYRLE C. KELLER (WIDOW), AND CHARLES H. KELLER v. W. C. HENNESSEE AND WIFE, STELLA B. HENNESSEE AND J. M. CLODFELTER (SINGLE) AND ROSE A. CLODFELTER (SINGLE)

No. 7130SC23

(Filed 28 April 1971)

1. Trespass to Try Title § 2— burden of proof

In an action in trespass to try title, defendant's denial of plaintiff's allegations of title and trespass places the burden on plaintiff to establish each of these allegations.

2. Trespass to Try Title § 2— burden of proof

Plaintiff must rely on the strength of his own title, which he must prove by some method recognized by law.

3. Trespass to Try Title § 1— cross-action of trespass — burden of proof on defendant

Where, in an action in trespass to recover for the cutting of trees, defendant denies plaintiff's title and alleges title in himself and prays that he be adjudged the owner of the disputed land, the answer amounts to a cross-action in trespass to try title and defendant has the burden of proving title in himself.

4. Appeal and Error § 57; Reference § 10— referee's findings approved by trial judge — appellate review

Findings of fact by the referee which are approved by the trial judge are conclusive on appeal when supported by any competent evidence.

5. Reference § 8— hearing upon exceptions to referee's report — authority of trial court — appellate review

Upon the hearing of exceptions to the referee's report, the trial court may affirm, overrule, modify or make additional findings of fact, and such action by the court affords no ground for exception on appeal unless there is error in receiving or rejecting evidence or the findings of the court are not supported by the evidence.

6. **Adverse Possession § 25; Trespass to Try Title § 4— insufficiency of evidence of adverse possession**

In this action in trespass in which both parties claimed title to the disputed land, the trial court's findings and conclusions that neither party could prevail under any theory of adverse possession are supported by competent evidence.

7. **Trespass to Try Title § 4— connected chain of title from State — failure of proof**

Plaintiffs failed to show a connected chain of title from the State where they introduced an 1896 deed conveying the property to their immediate predecessors in title but offered no evidence of ownership of the disputed property by the grantors in the 1896 deed.

8. **Trespass to Try Title § 4— commissioner's deed — failure to introduce judgment roll**

There was a break in defendants' chain of title where defendants introduced a commissioner's deed conveying the property to their predecessors in title but failed to offer the *judgment roll* in the action appointing the commissioner to establish the commissioner's judicial authority to convey, the judgment appointing the commissioner being insufficient by itself to establish such authority. G.S. 1-232.

9. **Trespass to Try Title § 4— failure to introduce deed from trustee in bankruptcy**

Where a judgment introduced by defendants determined that a conveyance from a bankrupt to his minor son was void and that the property was owned by the trustee in bankruptcy, and the judgment also appointed a commissioner to convey whatever interest the minor son may have had in the property, there was a break in defendants' chain of title where they introduced the commissioner's deed conveying the property to their predecessors in title but failed to introduce any deed from the trustee in bankruptcy to their predecessors in title.

10. **Ejectment § 7; Trespass to Try Title § 2— fitting description to land claimed**

Where title to land is in dispute, claimant must show that the area claimed lies within the area described in each conveyance in his chain of title and must fit the description contained in his deed to the land claimed.

APPEAL by plaintiffs from *Froneberger, Superior Court Judge,* June 1970 Term, JACKSON Superior Court.

Plaintiffs filed a complaint on 2 October 1964 alleging that they are the owners in fee of a certain tract of land in Jackson County, and that the defendants claimed some interest in that tract of land. The complaint further alleged that the defendants Hennessee were in the process of cutting timber and constructing roads, and that the defendants Clodfelter were in

the process of constructing roads on the land. Plaintiffs also alleged that the defendants did not leave plaintiffs' property when they were asked to leave, and that if the defendants are permitted to cut timber and construct roads through plaintiffs' lands, plaintiffs will be irreparably injured. The plaintiffs prayed that they be declared owners of the tract and that defendants be enjoined from trespassing on it.

On 14 July 1966, defendants answered, denying that plaintiffs are the owners in fee of the land described in the complaint, denying that plaintiffs are entitled to be declared owners in fee, and expressly denying that plaintiffs are owners in fee of any part of the tract which laps upon or is embraced within the lands allegedly owned in fee by defendants. Defendants further denied that they claimed any interest in, or have removed any timber from, or have built any roads on property not owned by them in fee. Defendants admitted that plaintiffs notified them that they were trespassing on lands owned by plaintiffs. Defendants also denied doing irreparable injury or damage to lands owned by the plaintiffs.

The further answer and defense of the defendants Hennessee is stated separately from the further answer and defense of the defendants Clodfelter, but except for the names of the alleged owners and the description of the properties allegedly owned by each the further answer and defense of the defendants Hennessee is identical to that of the defendants Clodfelter. Each first describes the property they allege they own, and then alleges that they can trace their title to a grant from the State. Defendants allege that they and their predecessors in title have been in adverse possession of the property described therein for more than 80 years under known and visible boundaries, for more than 30 years under known and visible boundaries, for more than 21 years under color of title and under known and visible boundaries, and for more than 20 years under known and visible boundaries, and for more than 7 years under color of title and under known and visible boundaries. The defendants then prayed that they be declared owners in fee of the property described in their respective answers, free of the claims of the plaintiffs.

On 11 August 1966, Judge Farthing entered an order of reference which recited that a referee had already been appointed, but that the referee "is now ill and unable to perform

the duties required." The consent order released that referee and appointed another. The report of the latter referee, signed 26 February 1969, was filed 16 June 1969. The plaintiffs filed exceptions to rulings on objections and to the report of the referee 28 July 1969.

On 29 July 1970, Judge Froneberger filed a judgment in the cause which incorporated all of the referee's report, including his findings of fact and conclusions of law. The judgment declared that the defendants were the fee simple owners of that property described in their respective further answers. From that judgment, plaintiff appealed.

*Stedman Hines for plaintiff appellants.*

*Monteith, Coward and Coward by Kent Coward for defendant appellees.*

VAUGHN, Judge.

[1, 2] This is an action in trespass to try title; therefore, plaintiffs must allege and prove both title in themselves and trespass by defendants. 7 Strong, N. C. Index 2d, Trespass To Try Title, § 1, p. 249. "Defendants' denial of plaintiffs' allegations of title and trespass places the burden on plaintiffs to establish each of these allegations. *Day v. Godwin*, 258 N.C. 465, 128 S.E. 2d 814." *Pruden v. Keemer*, 1 N.C. App. 417, 161 S.E. 2d 783. Plaintiff must rely on the strength of his own title, and not on the weakness of defendant's title. *Norman v. Williams*, 241 N.C. 732, 86 S.E. 2d 593. Plaintiff may meet his burden of proof by various methods which are set forth in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142.

[3] The rules set forth above have been recited and applied in numerous cases. In most of the cases, the question was whether plaintiff's proof of title was sufficient to withstand defendant's motion for nonsuit. In the case at hand the defendants alleged and attempted to prove their own title. "Where, in an action in trespass to recover for the cutting of trees, defendant denies plaintiff's title and alleges title in himself and prays that he be adjudged the owner of the tract described in the answer, the answer amounts to a cross-action in trespass to try title, and the question of title is involved and the defendant has the right to have it adjudicated." 7 Strong, N. C. Index 2d, Trespass To Try Title, § 1, p. 250, citing *Andrews v. Bruton*, 242 N.C. 93,

86 S.E. 2d 786. "Where defendant sets up title to a part of the land, to entitle him to affirmative relief he must prove the facts constituting this title, and as to such facts the burden is on him . . . ." 87 C.J.S., Trespass To Try Title, § 51, p. 1160.

Our Supreme Court has very recently discussed the effect of the failure of a party to carry his burden of proof in an action in trespass to try title:

> "A failure of one of the parties to carry his burden of proof on the issue of title does not, *ipso facto*, entitle the adverse party to an adjudication that title to the disputed land is in him. He is not relieved of the burden of showing title in himself. *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627. 'The plaintiff must recover on the strength of his own title, and upon failure of proof by him the jury may well find that he is not the owner of the land, although satisfied that the defendant has no title.' *Wicker v. Jones,* 159 N.C. 103, 116, 74 S.E. 801, 806. This statement is, of course, equally applicable to a defendant who has set up a cross action in which he claims title to the land in dispute. . . . There are cases involving a disputed title to land in which neither party can carry the burden of proof." *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297.

To apply the foregoing principles to this case, we set out relevant findings of fact and conclusions of law from the judgment appealed from.

> 1. That the plaintiffs in this action are claiming under that deed, dated November 28th, 1896, recorded in Deed Book V-22, at Page 4, in the office of the Register of Deeds of Jackson County from John Joyce and wife, Polly Joyce, to William Keller and wife, R. M. Keller, both of the grantees being deceased, and the plaintiffs being their heirs at law.

>    .   .   .   .

> 3. That no chain of title was introduced by the plaintiffs other than the deed recorded in Deed Book V-22, Page 4.

>    .   .   .   .

> 6. That the Hennessee property title derives from State Grant No. 586, and the chain of title, as introduced by the defendant Hennessee, is continuous and unbroken

from State Grant No. 586, until title vested in the defendants in their deed from the Davey Tree Expert Co., Inc. . . .

7. That none of the plaintiffs and none of the defendants have shown any open, notorious or adverse possession under known metes and bounds, and that no party to this action may prevail under any theory of adverse possession. . . .

8. That the defendants, Clodfelters introduced a chain of title continuous and unbroken to State Grant No. 1246, as recorded in Deed Book H-8, Page 329, dated 21st day of September, 1882.

. . . .

BASED UPON THE FOREGOING FINDINGS OF FACT, THE REFEREE CONCLUDES AS A MATTER OF LAW:

1. That under the law in our State every person is charged with the knowledge of what a title search would disclose.

2. That a title search in 1896 would have disclosed that a disputed area between the plaintiffs and the Hennessees was a portion of State Grant No. 586, and that at said time title was vested in other persons.

3. That a title search would have disclosed that the disputed area between the plaintiffs and the Clodfelters was a portion of State Grant No. 1246, and that at said time was in the possession of other persons.

4. That no authority or ownership of any of the disputed portion was shown to have been in John Joyce and wife, Polly Joyce, at the time they convey to William H. Keller and wife, R. M. Keller, nor was any evidence shown that any of the Clodfelter property was vested in any person with authority to convey to William H. Keller and wife, R. M. Keller.

. . . .

6. That the defendants W. C. Hennessee and wife, Stella B. Hennessee, are the owners in fee simple of that property described in their further answer.

7. That the defendant, J. M. Clodfelter (single), and Rose A. Clodfelter (single), are the owners in fee simple of that property set forth in their further answer.

These findings and conclusions can be summarized as follows: The plaintiffs have not proved good title to the property they claim, and the defendants have proved good title to the property they claim.

**[4, 5]** Findings of fact made by a referee and approved by the trial judge are not subject to review on appeal if they are supported by any competent evidence. "Likewise the judge, upon hearing and considering exceptions to a referee's report and supplemental report, may affirm, overrule, modify or make different or additional findings of fact. This affords no ground for exception on appeal, unless such action by the judge is not supported by sufficient evidence, or error had been committed in receiving or rejecting testimony upon which they are based." *Caudell v. Blair,* 254 N.C. 438, 119 S.E. 2d 172.

**[6, 7]** In the present case, the findings and conclusions that neither party could prevail under any theory of adverse possession are supported by competent evidence. The evidence also supports the conclusion that there was no evidence of ownership of any of the disputed portion by John Joyce and wife, Polly Joyce, at the time they conveyed to William H. Keller and wife, R. M. Keller. No chain of title going back further than the 1896 deed from the Joyces to the Kellers was introduced. There is no chain of title connecting plaintiffs' title to a State grant, no allegation or proof of any form of adverse possession, no allegation or proof of title from a common source, nor any allegation or proof of title by estoppel. The plaintiffs have, therefore, failed to carry the burden of proving title in themselves.

**[8]** We now consider whether the findings and conclusions adjudging title in the defendants are supported by competent evidence. The evidence discloses that one of the deeds in the defendants Hennessee's chain of title is from C. J. McConnell, Commissioner, to Davey Tree Expert Company. Plaintiff assigns as error the failure of defendant to introduce the judgment roll of the action in which C. J. McConnell was appointed commissioner to sell the land described in the defendants Hennessee's answer. The purpose of introducing the judgment roll is to show the commissioner's judicial authority to convey. The judgment roll is defined by N. C. Gen. Stat. 1-232 to include "the summons, pleadings, or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case, and all orders and papers in any way involving the

merits and necessarily affecting the judgment." Nothing was introduced before the referee to show the authority of C. J. McConnell to convey the land. When Judge Froneberger heard the report of the referee, and before judgment was entered in this case, the judgment in which McConnell was allegedly appointed commissioner was introduced. But the requirement is not that the judgment be introduced, but that the *judgment roll* be introduced to show the judicial authority. The plaintiffs' assignment of error is well taken. Where a party is seeking to establish his chain of title and introduces into evidence a deed executed by a commissioner, but fails to offer in evidence the judgment roll to establish that the person named was in fact a commissioner, and had authority to convey, there is a break in the chain of title. *Sledge v. Miller*, 249 N.C. 447, 106 S.E. 2d 868.

[9] There is, however, a more serious defect in defendants Hennessee's chain of title, and that defect can be seen from the following recitals in the judgment appointing a commissioner:

IT IS, THEREFORE . . . ORDERED, DECREED AND AD-JUDGED that the deed of conveyance dated the 24th day of June, 1940, executed by John R. Brinkley and wife, M. T. Brinkley, to their minor son, John R. Brinkley, Jr. . . . was not supported by a good and valuable consideration, was made with intent to defraud the creditors of the said John R. Brinkley and is, therefore, void as against his Trustee in Bankruptcy, M. Coppard, the Petitioner in this action, and that the said Trustee in Bankruptcy be, and he is hereby, declared the owner of and entitled to the immediate and exclusive possession of that certain 6500 acre tract of land . . . .

AND IT ALSO APPEARING that the said M. Coppard, Trustee in Bankruptcy of John R. Brinkley, in a bankruptcy cause now pending in the United States Courts for the Western District of Texas, Del Rio Division, has sold said 6500 acre tract of land to Davey Tree Expert Company of Kent, Ohio, for the consideration of $66,000.00, the greater portion of which has been retained pending the termination of this action and contingent upon the ability of the said Trustee to execute and deliver a proper deed of conveyance, free and clear of all liens and encumbrances, and as the defendant John R. Brinkley, Jr., is a minor it is considered advisable by the Court and Counsel represent-

---

Keller v. Hennessee

---

ing said purchaser, that in addition to this judgment, such interest as he may have in said tract of land be conveyed by an officer of this Court appointed for said purpose.

It is apparent that after it was determined that the property was not owned by John R. Brinkley, Jr., but was in fact owned by the trustee in bankruptcy, M. Coppard, the judge appointed a commissioner, presumably out of an abundance of precaution, to sell whatever interest in the land John R. Brinkley, Jr. had. If, as the judgment recites, the property was owned by the trustee in bankruptcy, John R. Brinkley, Jr. had no interest in the property that a commissioner could sell. Although the judgment mentions a sale from Coppard to these defendants' predecessors in title, no such deed was introduced. The defendants Hennessee have failed to introduce a valid chain of title. The evidence therefore does not support the conclusion that they are owners of the property described in the answer by virtue of a chain of title unbroken to a grant from the State, nor by any other method of proving title.

[10] The evidence offered in the case is also insufficient to support an adjudication that title to the disputed land was in the defendants Clodfelter. "Where title to land is in dispute, claimant must show that the area claimed lies within the area described in each conveyance in his chain of title and he must fit the description contained in his deed to the land claimed." *Cutts v. Casey,* 271 N.C. 165, 155 S.E. 2d 519. In this respect, among others, all parties to this lawsuit have failed to carry their respective burdens of proof.

Reversed.

Chief Judge MALLARD and Judge PARKER concur.