WELDON CAMPBELL AND WIFE, ERIE CAMPBELL v. CLARK C. MAYBERRY AND WIFE, NINA M. MAYBERRY

No. 7123DC552

(Filed 20 October 1971)

1. Quieting Title § 2— establishment of title — requisites of proof

In an action to remove cloud from title to real property, plaintiffs' showing of a connected chain of title to the disputed property for a period of thirty years was insufficient, standing alone, to establish plaintiffs' title, for plaintiff also had the burden to show title by one of the methods set out in *Mobley v. Griffin,* 104 N.C. 112. G.S. 1-39; G.S. 1-42.

2. Trial § 57; Rules of Civil Procedure § 39— trial without jury — duty of trial judge

In cases tried by the trial judge without a jury, the judge becomes both judge and jury, and it is his duty to consider and weigh all competent evidence before him.

3. Adverse Possession § 25— trial without jury — ruling on sufficiency of evidence — review on appeal

A ruling of the trial judge sitting without a jury that the plaintiffs have failed to prove title by adverse possession will not be disturbed on appeal where there is sufficient and competent evidence to support his ruling.

4. Adverse Possession §§ 5, 25— continuous possession for 20 years — intermittent acts of ownership

Defendants' evidence which showed intermittent acts of ownership over disputed property between the years 1935 through 1952—the selling of timber in 1935 and the planting of tobacco beds and bean

Campbell v. Mayberry

patches in 1938, 1939, 1950, 1951 and 1952—was insufficient to establish a continuous possession of the property for a twenty-year period.

**5. Quieting Title § 2— quieting title action — plaintiffs' and defendants' failure of proof**

Evidence in a quieting title action was insufficient to support a determination that either plaintiffs or defendants owned the land in dispute.

APPEAL by plaintiffs from *Osborne, District Judge,* 22 February 1971 Session of District Court held in WILKES County.

Action to remove cloud from title to a 13.60-acre tract of land in Wilkes County.

In a complaint filed 7 May 1968, plaintiffs allege they are the fee simple owners of a 5/6 undivided interest in the disputed realty and that defendants claim an adverse interest which constitutes a cloud on plaintiffs' title. Defendants deny that plaintiffs have any interest in the land and claim fee simple title in themselves on the grounds of adverse possession for more than seven years under color of title and more than twenty years without color of title.

The case was tried by the court without a jury.

Plaintiffs offered in evidence, as the source of their alleged title, five deeds recorded at various times during the period from 27 April 1929 through 10 May 1961. The deeds purport to convey to E. E. Mayberry (father of plaintiff Erie Campbell and defendant Clark C. Mayberry) the interests of E. E. Mayberry's five siblings in the lands of their father, J. C. Mayberry. Four of the deeds describe a tract of land consisting of 160 acres, more or less. The 13.60-acre tract in dispute is included within the boundaries of the 160 acres, more or less, which is described in these deeds. The fifth deed describes a tract of 122 acres which does not include the disputed land.

Plaintiffs also offered evidence tending to show that they have acquired title to all of the property owned by E. E. Mayberry and his wife at the time of their deaths, except for a 1/6 interest in the disputed tract which plaintiffs concede is owned by defendants.

Defendants offered in evidence a deed to them from the Executrix of the Estate of Addie C. Lonsford. This deed, which

was executed 14 June 1963 and recorded 16 August 1963, describes the land in dispute.

Both parties presented evidence that they, and their alleged predecessors in title, had exercised certain acts of ownership over the property in question.

The court entered judgment concluding in effect that: (1) neither E. E. Mayberry nor his wife owned the disputed tract at the time of their deaths, (2) plaintiffs have not used nor possessed the property and they own no interest in it, (3) the property is owned by defendants in fee simple as a result of adverse possession by them and their predecessors in title for a period of at least twenty years. Plaintiffs' action was dismissed and plaintiffs appealed.

*Franklin Smith for plaintiff appellants.*

*Wicker, Vannoy & Moore by J. Gary Vannoy for defendant appellees.*

GRAHAM, Judge.

Plaintiffs ask that the judgment be reversed and that this court declare them the legal owners of a 5/6 interest in the 13.60 acres of land in dispute. Their apparent position is that the evidence entitles them, as a matter of law, to the relief sought. We hold to the contrary.

In an action to remove cloud from title to real property, the burden is on the plaintiff to prove good title either against the whole world or against defendant by estoppel. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147; *Lane v. Faust,* 9 N.C. App. 427, 176 S.E. 2d 381.

In *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889), the various ways by which a party may prove title are clearly and precisely set forth. They are:

"1. He may offer a connected chain of title or a grant direct from the State to himself.

2. Without exhibiting any grant from the State, he may show open, notorious, continuous adverse and unequivocal possession of the land in controversy, under color of title in himself and those under whom he claims, for twenty-one years before the action was brought. (Citations omitted.)

Campbell v. Mayberry

3. He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title in himself and those under whom he claims, for seven years before the action was brought. (Citations omitted.)

4. He may show, as against the State, possession under known and visible boundaries for thirty years, or as against individuals for twenty years before the action was brought. Secs. 139 and 144, Code.

5. He can prove title by estoppel, as by showing that the defendant was his tenant, or derived his title through his tenant, when the action was brought. Code, sec. 147; (citations omitted).

6. He may connect the defendant with a common source of title and show in himself a better title from that source. (Citations omitted.)"

In accord: *King v. Lee,* 279 N.C. 100, 181 S.E. 2d 400; *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297; *Day v. Goodwin* and *Day v. Paper Co.* and *Day v. Blanchard,* 258 N.C. 465, 128 S.E. 2d 814; *Paper Co. v. Cedar Works,* 239 N.C. 627, 80 S.E. 2d 665; *Meeker v. Wheeler,* 236 N.C. 172, 72 S.E. 2d 214; *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209.

Plaintiffs presented no evidence tending to show title by estoppel or that they and defendants claim title from a common source. Neither did they offer evidence of a direct chain of title or a grant direct from the State to themselves. "[I]n all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to the action, G.S. 1-36, but 'there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself.'" *Tripp v. Keais,* 255 N.C. 404, 407, 121 S.E. 2d 596, 598.

[1] Plaintiffs are apparently under the mistaken impression that to prove title they are only required to show a connected chain of title to the disputed property for a period of thirty years. Two of the deeds introduced by plaintiffs to show the original source of their alleged title were recorded more than thirty years before the institution of this action. In support of

Campbell v. Mayberry

their position that these deeds constitute a *prima facie* showing of title, plaintiffs cite G.S. 1-42 which provides in pertinent part:

> "In every action for the recovery or possession of real property, or damages for a trespass on such possession, the person establishing a legal title to the premises is presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person is deemed to have been under, and in subordination to, the legal title, unless it appears that the premises have been held and possessed adversely to the legal title for the time prescribed by law before the commencement of the action. Provided that a record chain of title to the premises for a period of thirty years next preceding the commencement of the action, together with the identification of the lands described therein, shall be prima facie evidence of possession thereof within the time required by law."

G.S. 1-42 and G.S. 1-39 are to be construed together. *Williams v. Board of Education,* 266 N.C. 761, 147 S.E. 2d 381. G.S. 1-39 provides:

> "No action for the recovery or possession of real property shall be maintained, unless it appears that the plaintiff, or those under whom he claims, was seized or possessed of the premises in question within twenty years before the commencement of the action, unless he was under the disabilities prescribed by law."

G.S. 1-42, when construed with G.S. 1-39, simply means that proof of a connected chain of title to real estate for a period of thirty years by a party seeking possession thereof is *prima facie* evidence that such party has been in possession of the real estate within twenty years next preceding the institution of the action, as required by G.S. 1-39, and thus has standing to maintain his action. It does not mean that a party may meet the burden of proving title simply by basing his claim on an instrument recorded at least thirty years before the institution of his action. That burden must still be met by one of the methods set out in *Mobley v. Griffin, supra.* Indeed, a defendant might well stipulate that a plaintiff is entitled to prosecute his action to recover realty because he has been "possessed of the premises in question within twenty years before the commence-

ment of the action" without conceding that the plaintiff has good title to the property or is presently entitled to possession.

[2, 3] Plaintiffs further argue that they sufficiently proved title by showing their continuous adverse possession of the disputed tract for the statutory periods of seven years under color of title or twenty years without color of title. It is not necessary that we inquire as to whether the evidence was sufficient to support findings favorable to plaintiffs on these issues. The case was tried by the trial judge without a jury. In cases tried without a jury, the judge becomes both judge and jury and it is his duty to consider and weigh all competent evidence before him. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29. In an action to quiet title to realty, a plaintiff may acquire title to the disputed property by adverse possession only if the jury is satisfied that the acts of ownership described by the witnesses constitute open, notorious and adverse possession. *Board of Education v. Lamm*, 276 N.C. 487, 173 S.E. 2d 281. Plaintiffs' evidence tended to show that they and E. E. Mayberry, under whom they claim, engaged in certain acts of ownership over the property for a period of more than twenty years. Defendants presented evidence tending to show the contrary. The judge, sitting as a jury, resolved the issue in defendants' favor and made findings accordingly. His findings on this issue, which are supported by the evidence, have the full force and effect of a verdict by a jury and may not be disturbed on appeal. *Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835.

[4] Plaintiffs except to that portion of the judgment which declares defendants to be the fee simple owners of the property in dispute. This exception is well taken. The court's declaration of ownership in defendants is based upon a finding "that defendants and their predecessors in title have used the said 13.60 acre tract for uses for which the land is susceptible for more than 20 years." The evidence does not support this finding. Defendants presented evidence, and the court found, that in 1935 timber was sold from the tract, and that in 1938, 1939, 1950, 1951 and 1952, defendants, with the consent of the Lonsford heirs, planted tobacco beds and bean patches on the property. The record contains no evidence that the land was thereafter used by defendants, or any of their alleged predecessors in title, for any purpose. Defendants claim they acquired a deed to the land in August 1963 from the Executrix of the Estate of Addie

Lonsford, who was a widow of one of the heirs of J. W. Lonsford. The male defendant was asked on cross-examination: "[W]hat have you done on it [the disputed tract] since 1964?" He replied: "Well, I haven't done anything on it."

"In order for adverse possession to ripen title in the possessor, the possession must be actual, open, hostile, exclusive and continuous. . . ." 1 Strong, N. C. Index 2d, Adverse Possession, § 1 at 54. Defendants' evidence, which at most shows certain intermittent acts of ownership over the disputed property between the years 1935 through 1952, obviously falls short of showing a continuous possession of the property for a twenty-year period.

[5]  When both parties claim title to land, and each seeks an adjudication that he is the owner and entitled to possession of the disputed property, each has the burden of establishing his title by one of the methods specified in *Mobley v. Griffin, supra. Cutts v. Casey, supra.* "There are cases involving a disputed title to land in which neither party can carry the burden of proof." *Cutts v. Casey, supra* at 412, 180 S.E. 2d at 308; *Keller v. Hennessee,* 11 N.C. App. 43, 180 S.E. 2d 452. In this case the evidence is insufficient to support a determination that either plaintiffs or defendants own the land in dispute.

The second conclusion of law contained in the judgment is modified by striking therefrom the portion providing that the defendants are owners in fee of the 13.60-acre tract of land in dispute. Except as modified the judgment is affirmed.

Modified and affirmed.

Judges BROCK and VAUGHN concur.