RALPH W. SPIVEY AND WIFE, BILL SPIVEY, AND BILLY WORTH SPIVEY v. LEVI PORTER AND WIFE, ALICE PORTER; CLYDE SPIVEY, SINGLE; JEWELL MERCER, WIDOW; RUBY RUSS AND HUSBAND, PAUL RUSS; LUCILLE SPIVEY, SINGLE; AND THELMA SPIVEY, SINGLE

No. 8213DC1301

(Filed 3 January 1984)

1. Adverse Possession § 4— adverse possession of lappage

Where the area in dispute was a lappage, and both parties had actual possession of part of it, plaintiffs, as junior claimants, could acquire title only to that portion as to which they showed actual possession.

2. Adverse Possession § 25— insufficient findings to support judgment

The trial court's judgment awarding title to a parcel of land to the plaintiffs by virtue of adverse possession under color of title cannot be sustained where there was no evidence in the record to support the court's finding that the parcel adversely possessed by plaintiffs measured 38 feet in width, and where the court found only that the alleged adverse possession was "open and notorious" but made no findings on the other elements of adverse possession.

APPEAL by defendants from *Wood, William E., Judge.* Judgment entered 6 May 1982 in District Court, COLUMBUS County. Heard in the Court of Appeals 27 October 1983.

*McGougan, Wright & Worley, by D. F. McGougan, Jr., and Dennis T. Worley, for plaintiff appellees.*

*C. Franklin Stanley, Jr., for defendant appellants.*

WHICHARD, Judge.

Plaintiffs filed a complaint alleging that they owned certain land, defendants owned adjacent land, and defendants had trespassed on their land by building a fence thereon. They sought damages, an order restraining further trespass, and a declaration that they were the owners of the land described. By stipulation the action was treated as a processioning proceeding with associated issues of title by adverse possession.

The court, without a jury, established the common boundary as described in deeds offered by both parties and as indicated by various monuments on the ground. In addition, it awarded title to a parcel of land to the plaintiffs by virtue of adverse possession under color of title.

The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by them will be affirmed even though there is evidence contra. *Williams v. Insurance Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368, 371 (1975). Where there is no evidence to support an essential finding of fact, however, and where conclusions are not supported by sufficient factual findings, the judgment cannot be sustained. *Quick v. Quick*, 305 N.C. 446, 453-54, 290 S.E. 2d 653, 659 (1982); *Trust Co. v. Lumber Co.*, 224 N.C. 153, 154, 29 S.E. 2d 348, 348 (1944).

[1] The area in dispute was a lappage, and both parties had actual possession of part of it. Plaintiffs, as junior claimants, could therefore acquire title only to that portion as to which they showed actual possession. *Price v. Tomrich Corp.*, 275 N.C. 385, 393, 167 S.E. 2d 766, 771 (1969). The extent of plaintiffs' possession thus constituted an essential feature of the judgment.

[2] The court found that the parcel adversely possessed by plaintiffs measured thirty-eight feet in width. The record, however, reveals no evidence to support this figure. The finding thus is not sustained by the evidence, the judgment cannot be sustained by

the finding, and the case must be remanded. *Howard v. Boyce,* 254 N.C. 255, 266, 118 S.E. 2d 897, 905 (1961).

The court also found only that the alleged adverse possession was "open and notorious." It made no findings on the other elements of adverse possession. *See Price v. Tomrich Corp., supra,* 275 N.C. at 393-95, 167 S.E. 2d at 771-73; *Whiteheart v. Grubbs,* 232 N.C. 236, 243, 60 S.E. 2d 101, 105 (1950); *Campbell v. Mayberry,* 12 N.C. App. 469, 183 S.E. 2d 867, *cert. denied,* 279 N.C. 726, 184 S.E. 2d 883 (1971); J. Webster, Webster's Real Estate Law in North Carolina § 287 (Rev. ed. 1981). For example, despite conflicting evidence thereon, the court made no finding on the element of hostility. It also did not make a finding on the element of exclusiveness. *Price v. Tomrich Corp., supra.*

Neither side challenges the line established as the remaining common boundary. That issue thus need not be relitigated upon remand.

The case is remanded for further proceedings consistent with this opinion.

Remanded.

Judges ARNOLD and BRASWELL concur.