RESORT DEVELOPMENT COMPANY, INC. v. ILA FREEMAN PHILLIPS (WIDOW); LULA FREEMAN HILL AND HUSBAND, FRANK C. HILL; CELESTE BURNETT EATON AND HUSBAND, HUBERT A. EATON; FOSTER F. BURNETT, JR., AND WIFE. GLORIA M. BURNETT; MARIE GAUSE (WIDOW); VICTOR FREEMAN (SINGLE); VIOLA F. RODICK AND HUSBAND LEWIS RODICK; GENEVA CROMARTIE (WIDOW); OLIVER DINKINS, JR., AND WIFE, MERCEDES DINKINS; MARTHA HOLIDAY HAWKINS AND HUSBAND, JESSE C. HAWKINS; JAMES H. DINKINS; MARY ELEANOR SPICER AND HUSBAND, HARLEE SPICER; ALICE LEOLA HANKINS AND HUSBAND, WADE HANKINS; VICTOR DINKINS (SINGLE); LORETTA DINKINS (SINGLE); ELECTRA FREEMAN (WIDOW); RONALD FREEMAN AND WIFE, ............; KATHERINE ONEDA FREEMAN AND HUSBAND, ............; MARY ALWIDA FREEMAN FORD AND HUSBAND, WALTER LEE FORD; ARCHIE FREEMAN (SINGLE); AVIE FREEMAN WILSON AND HUSBAND, DOGAN H. WILSON; MILDRED FREEMAN (SINGLE); BERTHA MAE COLE AND HUSBAND, ROBERT L. COLE; LONICE FREEMAN (WIDOW OF WILLIAM GASTON FREEMAN); F. E. LIVINGSTON, TRUSTEE, AND JOHN BRIGHT HILL, AND ALL OTHER PERSONS, FIRMS, CORPORATIONS WHO HAVE OR CLAIM ANY INTEREST IN LAND DESCRIBED HEREIN

No. 685SC438

(Filed 18 December 1968)

1. **Appeal and Error § 45—    necessity for citation to official North Carolina Reports**

    The official volumes of the North Carolina Reports should be cited when counsel seek to rely on North Carolina case law in support of their position, it being insufficient to merely cite the Southeastern Reporter. Court of Appeals Rule No. 46.

DEVELOPMENT CO. v. PHILLIPS

**2. Reference § 3— admission by party of necessity for reference — issues submitted**

Where defendants in an action to quiet title have admitted the necessity of a reference by filing a motion for the appointment of a referee on the ground that the action involves a complicated question of boundary which requires a personal view of the premises, they may not demand that the judge limit a compulsory reference to those issues which they requested.

**3. Reference § 3— discretion of court to order compulsory reference**

In an action to quiet title, the trial court did not err in ordering on its own motion a compulsory reference as to all of the issues, both of fact and of law, where the case involves a complicated question of boundary. G.S. 1-189.

**4. Reference § 11— right to jury trial**

A compulsory reference does not deprive one of the right to trial by jury.

**5. Appeal and Error §§ 6, 16— power of judge to allow or refuse an appeal**

A Superior Court judge can neither allow nor refuse an appeal.

**6. Appeal and Error § 6; Reference § 3— appeal from compulsory reference**

As a rule no appeal may be taken until the reference is completed and a final judgment rendered; but in a compulsory reference ordered against objection when a plea in bar has been interposed or when the parties demand a jury trial, the party objecting has the option to appeal at once or to note an exception, proceed with the trial before the referee, and have the exception considered on appeal from the final judgment.

ON *certiorari*, from *Bundy, J.,* September 1968 Session of Superior Court of NEW HANOVER County.

This action was instituted by the plaintiff to quiet title to lands allegedly owned by it in fee simple. The basis for plaintiff's action is the claim of the defendants that plaintiff and defendants are owners of the lands in question as tenants in common. Defendants in their answer assert their ownership of part of the lands described in the complaint. The plaintiff denies that any of the lands claimed by defendants is within the boundaries of the lands described in the complaint. On 26 October 1965, on motion of the defendants, a court survey was ordered, and Henry Von Oesen was appointed to conduct such survey.

On 14 June 1966 defendants filed a verified motion to vacate the order for survey. In this motion it is asserted:

"That defendants verily believe that the failure of Mr. Von Oesen to make the survey as ordered is ample proof of the cir-

cumstances compelling a reference in this matter, this being a complicated question of boundary which requires a personal view of premises; that the necessity for a reference in this matter was delineated in a motion dated in September, 1965, which Motion is on file in this action and is referred to herein with the same effect as if physically annexed hereto."

The motion referred to as being dated in September 1965 is not a part of the record here.

In a letter dated 22 August 1966 Mr. Von Oesen's firm submitted a survey to the court which showed only the contentions of the plaintiff and stated further that from the information supplied to them by the defendants, they had been unable to locate a starting point from which to begin a survey of the defendants' contentions. The defendants now assert that subsequent to Mr. Von Oesen's report to the court, they have had a survey of their contentions made at their own expense. When the case was called for trial, the trial judge on his own motion ordered a compulsory reference. The following appears in the record after the order of compulsory reference:

"APPEAL ENTRY

To the entry of the foregoing order the plaintiff objects and reserves its exception.

RESORT DEVELOPMENT COMPANY, INC.<br>By: James R. Swails<br>CARR & SWAILS, Attorneys.

DEFENDANTS, through their counsel, Evelyn A. Williams and Robert Bond, take exception to the order made by this Court for a Compulsory Reference and hereby file notice of an appeal from such order and request that an appeal bond be ordered and a term of time within which defendants can perfect their appeal.

EVELYN A. WILLIAMS

The Court being of the opinion that an appeal at this time is premature, declines to fix an appeal bond.

WILLIAM J. BUNDY"

Defendants' petition for *certiorari* was allowed on 10 October 1968.

*Carr & Swails by James B. Swails for plaintiff appellee.*

*Evelyn A. Williams for defendants appellants.*

MALLARD, C.J.

[1]   We note at the outset that appellants in their brief have not cited the official North Carolina Reports when citing cases decided by the Supreme Court of North Carolina in support of their argument and contentions. Rather, they have cited only the Southeastern Reporter to support their view of the applicable law. Rule 46 of the Rules of Practice in the Court of Appeals of North Carolina states that as to the citation of reports, "Supreme Court Rule No. 46 applies." We interpret Rule No. 46 of the Supreme Court of North Carolina to mean that the official volumes of the North Carolina Reports should be cited when counsel seek to rely on North Carolina case law in support of their position.

Defendants contend that the trial court committed error in ordering a compulsory reference. It should be noted that defendants had moved, in writing, for the appointment of a referee and that this motion was still pending at the time the court on its own motion ordered a compulsory reference. Defendants argue here that their request for a reference is different in scope from that ordered by Judge Bundy. Perhaps there was a difference in defendants' motions dated in September 1965 and 14 June 1966, and this was noted by the judge, and that is why, on his own motion, he ordered that all of the issues, both of fact and of law, be referred as provided by the statute.

Defendants asserted in their pending motion for a reference that this case presents a complicated question of boundary requiring a personal view of the premises. The statute, G.S. 1-189, in pertinent part provides:

> "Where the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases:
>
> •      •      •
>
> 3.   Where the case involves a complicated question of boundary, or one which requires a personal view of the premises.
>
> •      •      •
>
> The compulsory reference under this section does not deprive either party of his constitutional right to a trial by jury of the issues of fact arising on the pleadings, but such trial shall be only upon the written evidence taken before the referee."

[2]   Having admitted the necessity of a reference, the defendant appellants were not in a position to demand that the judge limit the

reference only to those issues requested by the appellants. G.S. 1-172 provides that:

> "An issue of law must be tried by the judge of court, *unless it is referred.* An issue of fact must be tried by a jury, unless a trial by jury is waived or a *reference ordered.* Every other issue is triable by the court, or judge, who, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or *may refer it."* (emphasis added)

Clearly under the provisions of this statute, Judge Bundy was authorized to order a compulsory reference as to "all of the issues, both of fact and of law . . ."

[3] In addition to the verified motion filed by the defendants in this cause, the pleadings and the record on appeal reveal that this case is one involving a complicated question of boundary. Judge Bundy correctly, in conformity with the course and practice of our courts and in the exercise of his discretion under the statute, ordered a compulsory reference. G.S. 1-189; *Sledge v. Miller,* 249 N.C. 447, 106 S.E. 2d 868; *White v. Price,* 237 N.C. 347, 75 S.E. 2d 244; *Veazey v. Durham,* 231 N.C. 354, 57 S.E. 2d 375; *Fibre Co. v. Lee,* 216 N.C. 244, 4 S.E. 2d 449.

[4] A compulsory reference does not deprive one of the right to trial by jury. The contention of the appellants that the compulsory reference has denied them the right to a trial by jury is without merit and requires no discussion.

Another of defendants' assignments of error relates to Judge Bundy's making the following entry declining to fix an appeal bond. "The court being of the opinion that an appeal at this time is premature, declines to fix an appeal bond."

[5, 6] "A Superior Court Judge can neither allow nor refuse an appeal." *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728. "As a rule no appeal may be taken until the reference is completed and a final judgment rendered; but in a compulsory reference ordered against objection when a plea in bar has been interposed or when the parties demand a jury trial, the party objecting has the option to appeal at once, or to note an exception, proceed with the trial before the referee and have the exception considered on appeal from the final judgment." McIntosh, N. C. Practice 2d, § 1407; *Harrell v. Harrell, supra.*

We granted *certiorari* upon the petition of the defendants, and after carefully reviewing all of the assignments of error are of the

opinion that the entry of the order of compulsory reference was a proper exercise of discretion by Judge Bundy.

The order of compulsory reference is affirmed and the cause is remanded for further proceedings according to law.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.