RESORT DEVELOPMENT CO., INC. v. ILA FREEMAN PHILLIPS (WIDOW); LULA FREEMAN HILL AND HUSBAND, FRANK C. HILL; CELESTE BURNETT EATON AND HUSBAND, HUBERT A. EATON; FOSTER F. BURNETT, JR., AND WIFE, GLORIA M. BURNETT; MARIE GAUSE (WIDOW); VICTOR FREEMAN (SINGLE); VIOLA F. RODICK AND HUSBAND, LEWIS RODICK; GENEVA CROMARTIE (WIDOW); OLIVER DINKINS, JR., AND WIFE, MERCEDES DIN-KINS; MARTHA HOLIDAY HAWKINS AND HUSBAND, JESSE C. HAWKINS; JAMES H. DINKINS; MARY ELEANOR SPICER AND HUSBAND, HARLEE SPICER; ALICE LEOLA HANKINS AND HUS-BAND, WADE HANKINS; VICTOR DINKINS (SINGLE); LORETTA DINKINS (SINGLE); ELECTA FREEMAN (WIDOW); RONALD FREEMAN AND WIFE, ....................................; KATHERINE ONEDA FREEMAN AND HUSBAND, ....................................; MARY ALWIDA FREEMAN FORD AND HUSBAND, WALTER LEE FORD; ARCHIE FREEMAN (SINGLE); AVIE FREEMAN WILSON AND HUSBAND, DOGAN H. WILSON; MILDRED FREEMAN (SINGLE); BERTHA MAE COLE AND HUSBAND, ROBERT L. COLE; LONICE FREEMAN (WIDOW OF WILLIAM GASTON FREEMAN); F. E. LIVINGSTON, TRUSTEE AND JOHN BRIGHT HILL, AND ALL OTHER PERSONS, FIRMS, CORPORA-TIONS WHO HAVE OR CLAIM ANY INTEREST IN LAND DESCRIBED HEREIN

No. 45

(Filed 10 February 1971)

1. Constitutional Law § 4— waiver of constitutional question — right to jury trial — quieting title action

Defendants in a quieting title action waived their right to challenge the decision of the Court of Appeals that an order submitting the dispute to a compulsory reference did not violate their constitutional

right to a jury trial, where the defendants failed to apply for *certiorari* following the decision of the Court of Appeals.

**2. Reference § 11— compulsory reference — right to jury trial**

A compulsory reference under G.S. 1-189 does not deprive either party of his constitutional right to a trial by jury of the issues of fact arising on the pleadings.

**3. Quieting Title § 2— plaintiff's standing to assert cloud on title — claims by defendant**

Defendants' assertion in a quieting title action that they, as well as the plaintiff, have an interest in the lands described in plaintiff's complaint is sufficient to give the plaintiff standing in court to challenge defendants' claim as a cloud upon its title.

**4. Quieting Title § 1— standing to maintain action — plaintiff's interest in the land**

In a quieting title action it is only required that the plaintiff have such an interest in the lands as to make the claim of the defendants adverse to him.

**5. Quieting Title § 2— defendants' allegation of title — burden of proof**

Defendants in a quieting title action who alleged that their title had its origin in a certain grant assumed the burden of locating the calls of the grant on the ground and of showing that the grant covered at least a part of the lands described in the complaint.

**6. Boundaries § 6— location of calls — junior and senior deeds**

Defendants in a quieting title action were not entitled to use a description contained in a junior conveyance to locate the lines called for in a senior conveyance.

**7. Quieting Title § 2— defendant's assertion of title — burden of proof**

The defendant in a quieting title action has the burden to establish the title which he has set up to defeat the complainant's claim of ownership.

**8. Quieting Title § 2— setting aside judgment awarding ownership to plaintiff — insufficiency of evidence**

The trial court's finding and conclusion in a quieting title action that the corporate plaintiff was the owner of the two tracts of land described in its complaint must be set aside on appeal when (1) plaintiff's own evidence, which consisted of a map and oral testimony, failed to show its ownership of the two tracts and (2) the boundaries of the tracts as set out in the complaint show on their face that they are not coterminous with the boundaries of plaintiff's land as described by the surveyor and found by the referee.

**9. Quieting Title § 2— failure of plaintiff to establish fee simple title**

Corporate plaintiff's failure to show fee simple title to all the lands claimed by it was not fatal to its action to quiet title to the

lands, since a cause of action to remove cloud from title is made out when the plaintiff introduces evidence of its interest in a described tract of land and the defendant asserts an unjust claim thereto.

Justice SHARP concurring.

Chief Justice BOBBITT joins in concurring opinion.

ON appeal from the decision of the North Carolina Court of Appeals (9 N.C. App. 158) dismissing the defendants' appeal from the judgment of *Cowper, J.,* February, 1970 Session, NEW HANOVER Superior Court, docketed and argued as No. 50 at Fall Term 1970.

The plaintiff, Resort Development Company, Inc., a North Carolina corporation, on May 1, 1962, instituted this civil action and filed a verified complaint alleging: (1) The plaintiff is the owner and in possession of two specifically described tracts of land in New Hanover County; (2) The defendants, Ila Freeman Phillips and others, claim an interest adverse to the plaintiff in the described land; (3) The claim is valid neither in law nor in fact; (4) The defendants' claim, though invalid, constitutes a cloud upon the plaintiff's title, which it is entitled to have removed.

The defendants, on June 7, 1962, filed answer, which contains the following admission:

"That it is admitted, as alleged in paragraph three of the Complaint, that these defendants claim and have an interest in the lands described in paragraph two of the Complaint, by virtue of mesne conveyances of Grant 97 of the State of North Carolina, made to one John Guerard, dated April 13, 1870, and recorded in Book LL, at page 644, New Hanover County Registry."

By further answer and defense and cross-action, the defendants allege:

"(1) That plaintiff, these defendants and numerous other persons, some of whom are grantees of plaintiff, are tenants in common in the following described lands, to wit;

BEING Grant No. 97 by the State of North Carolina to John Guerard, dated April 13, 1870, recorded in Book L-2 page 644, New Hanover County Registry, and more particularly described by metes and bounds as follows:

BEGINNING at a stake in the southwest corner of your new survey in your old line; running thence south 72 degrees east 150 poles to your corner on the Sea Banks; thence along the sea shore South 18 degrees West 384 poles to a stake at the end of the bank near a small inlet; thence across the sound South 72 degrees west 115 poles to your old line; thence along said line to the place and point of BEGINNING; containing three hundred acres, more or less.

(2) That the lands described in paragraph two of the Complaint are a part of and are embraced in the lands described in paragraph (1) of the Further Answer and Defense and Cross-Action, that is, the lands in which these defendants, the plaintiff and others are tenants in common."

The plaintiff filed a reply on June 15, 1962, specifically denying that Grant No. 97 to John Guerard covered any part of the two tracts of land described in the complaint. The parties had surveys made and plats filed showing their respective contentions. The court appointed an engineering firm and ordered and had prepared a survey and map for the use of the court at the trial. When the cause came on for hearing, Judge Bundy, finding the controversy involved a complicated boundary dispute, ordered a compulsory reference. The defendants excepted to the reference on the ground that title to real property was involved and the order violated their constitutional right to a jury trial.

By *certiorari,* the defendants obtained a review by the North Carolina Court of Appeals. The decision, reported in 3 N.C. App. 295, sustained the order of reference, holding the defendants had the right to file exceptions to the referee's report, tender issues, and have the Superior Court submit them to the jury on the evidence taken before the referee.

In due course the referee conducted a hearing at which the plaintiff introduced in evidence a grant from the State to James Adkins dated January 22, 1858, and recorded in New Hanover County. According to the court surveyor, the grant covered a part of the two tracts of land claimed by the plaintiff and described in the complaint. The parties stipulated that plaintiff's chain of title consisted of twenty-four deeds executed by individuals, corporations, trustees, receivers and by the State Board of Education. The surveyors, privately selected by the parties, and the court surveyor filed separate maps and each testified

as a witness before the referee. All admitted to the difficulty in locating the lines and corners of the several conveyances, especially the older ones. The difficulty arose because these lands were located on or near the Atlantic Ocean and many of the calls were for objects at the water's edge which, as a result of accretion, reliction and erosion, had been in imperceptible change through the years.

After considering all the evidence, the referee made this finding and conclusion: (1) The plaintiff has shown title to and possession of the tract of land enclosed within these boundaries: Beginning at Point "A" on the court map, thence to "B," to "C," to "Q," to "J" and back to "A," the point of beginning. (2) That the defendants have failed to show title, either by record or possession, to any lands the plaintiff described in the answer filed. The referee concluded: (1) The plaintiff is the owner and is entitled to the possession of that tract of land within the above calls. (2) That the defendants have failed to show title to any of the lands described in the answer.

The defendants filed objections to the referees' findings and conclusions, tendered issues and demanded a jury trial.

The defendants claim they own an unidentified interest in the described land through mesne conveyances traceable back to Grant No. 97 from the State to John Guerard dated April 18, 1780. The mesne conveyances consisted of seven deeds and five wills, all appearing of record in New Hanover County.

Both plaintiff and defendants offered testimony of their privately employed surveyors, each of whom prepared and introduced maps showing the results of their surveys. The court surveyor also testified and filed maps showing the contentions of the parties. In addition to his maps, Mr. Miller, defendants' Surveyor, was permitted to introduce an aerial photograph of the area.

From the evidence, the referee concluded:

"1. The Plaintiff be and they are hereby adjudged to be the owners of and entitled to possession of the lands and premises as shown, Beginning at Point "A" and running thence to Point "B"; thence to Point "C"; thence to Point "Q"; thence to Point "J"; thence back to Point "A," the Beginning.

2. That the Defendants have failed to show title to the lands described in the Answer."

The referee adjudged: (1) The plaintiff is the owner and entitled to possession of the lands beginning at Point "A" on the court surveyor's map, running to Point "B," Point "C," Point "Q" and Point "J," thence to Point "A," the Beginning. (2) The defendants have failed to show title to the lands described in the answer.

The defendants filed objections to the referee's findings and conclusions, tendered issues and demanded a jury trial.

In the Superior Court a jury was empaneled and the hearing proceeded on the evidence taken and the exhibits filed before the referee. At the conclusion of the evidence, Judge Cowper entered this judgment:

"This cause coming on to be heard and being heard before the undersigned Judge holding Superior Courts of New Hanover County for February 9, 1970, and plaintiff and defendants having presented their testimony in the form of a record taken and transcribed at a hearing before the Honorable Leon Corbett, a referee heretofore appointed in this cause, and upon the conclusion of the testimony of both the plaintiff and defendants, counsel for the plaintiff submitted issues to the Court and moved for a directed verdict on the issues so submitted in favor of the plaintiff and against the defendants.

And it appearing to the Court that from the evidence offered by the plaintiff (sic) no inference adverse to the title of the plaintiff arose and the evidence offered by the plaintiff was clear and conclusive and uncontradicted by evidence of the defendants.

THEREFORE, the motion of the plaintiff as to the first issue was allowed and the Court directed, as provided by General Statutes 1A, Section 1, Rule 50, a verdict answering the first issue:

'Is the plaintiff the owner and entitled to the possesion of the lands described in the complaint as (a) TRACT I and (b) TRACT II?'

ANSWER: 'Yes as to both TRACTS I AND II of the complaint.'

AND, IT FURTHER APPEARING TO THE COURT that the de-

fendants have failed to offer any competent evidence establishing the location of the Grant to John Guerard as alleged in the cross action of the defendants and, FURTHER, have failed to connect by competent evidence themselves in title with all or any part of the lands described in Tracts I and II of the complaint.

THEREFORE, the Court, upon motion of the plaintiff, directed in accordance with provisions of General Statutes 1A, Section 1, Rule 50, that the second issue:

'Are the lands described in TRACT I and II of the complaint or any part thereof covered by or included within the bounds of the Grant to John Guerard as alleged in the cross action of the defendants.'

be answered:

ANSWER: No

And, FURTHER, upon the answer so directed in the first and second issues, the Court then directed that the third issue:

'Do the defendants have any right, title or interest in the lands described in the complaint as TRACTS I and II?'

be answered:

ANSWER: No

WHEREUPON, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff be and it is hereby adjudged to be the owner and entitled to the possession of the lands and premises described in the complaint as TRACTS I and II, free of any claim of the defendants thereto.

/s/ Albert W. Cowper
Judge Presiding"

The defendants duly excepted and appealed. The Court of Appeals dismissed the appeal. The defendants, alleging a constitutional question is involved, brought the cause here for further review.

*Carr and Swails by James B. Swails for the plaintiff.*

*Evelyn A. Williams and Pearson, Malone, Johnson & DeJarmon by LeMarquis DeJarmon for the defendants.*

HIGGINS, Justice.

[1]  The defendants argue here that the Superior Court in the trial and the Court of Appeals on review committed error by holding the order of reference did not violate their constitutional right to a jury trial under Article 1, Section 19, North Carolina Constitution. The adverse decision (3 N.C. App. 295) was filed on December 18, 1968. The defendants failed to apply by *certiorari* for further review and thereby waived their right to challenge the decision of the Court of Appeals, even though a constitutional question was involved. " 'No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by failure to make timely assertion of the right.' " *Cotton Mills v. Local 578,* 251 N.C. 218, 111 S.E. 2d 457, citing *Yakus v. U. S.,* 321 U.S. 414, 88 L. Ed. 834; *Michel v. Louisiana,* 350 U.S. 91, 100 L. Ed. 83; *Jennings v. Illinois,* 342 U.S. 104, 96 L. Ed. 119.

[2]  We conclude the constitutional right to a jury trial, having been raised in the trial court and in the Court of Appeals and decided adversely to the defendants, they thereby permitted the decision to become final, and hence the law of the case. The decision, however, seems to be supported by this Court's decisions. "A compulsory reference, under provisions of G.S. 1-189, does not deprive either party of his constitutional right to a trial by jury of the issues of fact arising on the pleadings, but such trial is only upon the written evidence taken before the referee. . ." *Moore v. Whitley* and *Butt v. Moore,* 234 N.C. 150, 66 S.E. 2d 785.

[3, 4]  The defendants, by answer, admitted that the plaintiff owned an interest in the described lands, but they assert they also have an interest therein. Moreover, this admission gave the plaintiff standing in court to challenge the defendants' claim as a cloud upon its title. "In order to remove a cloud from a title, it is not necessary to allege and prove that . . . the plaintiff . . . had an estate in or title to the lands in controversy. It is only required . . . that the plaintiff or plaintiffs have such an interest in the lands as to make the claim of the . . . defendants adverse to him or them." *Etheridge v. Wescott,* 244 N.C. 637, 94 S.E. 2d 846; *Williams v. Board of Education,* 266 N.C. 761, 147 S.E. 2d 381. "An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse

claim." *Plotkin v. Bank,* 188 N.C. 711, 125 S.E. 541. By suit
to remove a cloud from title, a plaintiff does not necessarily
put his title in issue. "He is not demanding possession of land
nor are his rights put in issue. He demands judgment that the
defendant has no right, title or interest . . . adverse . . . to him."
*Plotkin v. Bank, supra.* "The beneficial purpose of the Statute
(G. S. 41-10) is to free the land of the cloud resting upon it
and make its title clear and indisputable, so that it may enter
the channels of commerce and trade unfettered and without the
handicap of suspicion. . . . " *Christman v. Hilliard,* 167 N.C. 4,
82 S.E. 949.

[5] The defendants alleged their title had its origin in Grant
No. 97 to John Guerard, from whom they and their predecessors
derived title. The defendants thereby assumed the burden of
locating the calls of Grant No. 97 on the ground, and of showing
that the grant covered at least a part of the lands described in
the complaint.

[6] The land embraced in Grant No. 97, according to the
description, begins at a stake "in the southwest corner of your
new survey in your old line; . . . thence to a stake in your old
line and with that line to the BEGINNING." Locating the land on
the ground cannot be done by surveying the calls of Grant No.
97. " 'A description contained in a junior conveyance cannot be
used to locate the lines called for in a prior conveyance.' " *Day
v. Godwin,* 258 N.C. 465, 128 S.E. 2d 814, citing *Carney v.
Edwards,* 256 N.C. 20 122 S.E. 2d 786; *Bostic v. Blanton,* 232
N. C. 441, 61 S.E. 2d 443.

The defendants' position in the instant case is strikingly
similar to the plaintiff's position in *Day v. Godwin, supra,* where
the survey of the junior grant was relied upon and an aerial pho-
tograph was offered to assist in locating the boundary lines on
the ground. ". . . Having failed to locate the crucial corners
and lines upon the ground, he does not explain and the record
does not disclose how he may be able to do better on a picture
(aerial photograph) or a drawing (plat) . . . . 'It is error to
allow a jury on no evidence, or only on hypothetical evidence,
to locate the lands described in a deed.' " The court properly
excluded the defendants' evidence by which they attempted to
locate the boundary lines of Grant No. 97 by surveying the
calls of that grant. Grant No. 97 was a junior conveyance and
its calls for a senior document could be located only by locating

the calls of the senior document. *Coffey v. Greer*, 249 N.C. 256, 106 S.E. 2d 209.

[7]   The defendants claim by record title, and not by adverse possession. They allege their record title had its genesis in Grant No. 97. Therefore, the state of the pleadings casts upon them the burden of tracing their title to Grant No. 97. "The burden rests upon the defendant to establish a title which he has set up to defeat the complainant's claim of ownership." 44 Am. Jur., § 83, Quieting Title, p. 67. "Where the defendant substantially asserts and relies on a fact as an affirmative issue, the burden is on him to establish it." 74 C.J.S., Quieting Title, § 76, Presumptions and Burden of Proof, p. 118; *McCullen v. Durham*, 229 N.C. 418, 50 S.E. 2d 511; *Hayes v. Cotton*, 201 N.C. 369, 160 S.E. 453; *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142.

[8, 9]   The trial court, as a matter of law, adjudged the plaintiff is the owner and entitled to possession of the two tracts of land described in the complaint. The boundaries of the two tracts, as set out in the complaint, show on their face they are not coterminous with the boundaries of the plaintiff's land as described by the surveyor and as found by the referee. The plaintiff's map and its oral testimony failed to show the plaintiff's ownership of the lands described as Tracts I and II. The court's finding of plaintiff's ownership is without support in the evidence and must be set aside. However, the court's finding the defendants had no interest in the lands claimed by the plaintiff was required because of their failure to offer proof of the claim. The plaintiff's failure to show fee simple title to all the lands claimed is not fatal to its case. A cause of action to remove a cloud from title is made out when the plaintiff introduces evidence that he has an interest in a described tract of land and the defendant is asserting, or attempting to assert, an unjust claim thereto. Consequently, the finding and conclusion to that effect are affirmed.

The affirmative finding that the plaintiff has established title to the two tracts of land described in the complaint is not supported by the evidence and that finding is set aside. What is said herein with respect to plaintiff's title is not to be construed as a finding, conclusion, or even a suggestion that the plaintiff's title is defective. There is insufficient evidence to support the court's affirmative finding, as a matter of law. Hence the finding and conclusion that the plaintiff is the owner of the two

described tracts of land must be set aside. The Court of Appeals will remand this cause to the Superior Court of New Hanover County for the modification of the judgment as required herein. The decision of the Court of Appeals is

Affirmed in part and reversed in part.

Justice SHARP, concurring:

I concur in the conclusion of the majority (1) that the trial judge was correct in directing a verdict against defendants, who had the burden of proof on the second and third issues, and in adjudicating that defendants have no interest in the lands described in the complaint; (2) that the judge's affirmative finding that plaintiff had established title to the two tracts described in the complaint is not supported by the evidence; and (3) that his adjudication that plaintiff is the owner and entitled to the possession of the two tracts of land described must be vacated. Notwithstanding, I direct attention to the following:

The court's erroneous adjudication that plaintiff was the owner and entitled to the possession of the lands described in the complaint was made upon the false premise that "from the evidence offered by the plaintiff (sic) no inference adverse to the title of the plaintiff arose and the evidence offered by the plaintiff was clear and conclusive and uncontradicted by evidence of the defendants." Although the result of this Court's decision is correct, I dissent from the intimation in the majority opinion that it would have been proper to have directed a verdict in favor of plaintiff, upon which rested the burden of proof, if its evidence had, in fact, been "clear, conclusive and uncontradicted by evidence of the defendant." Now, as before the enactment of the Rules of Civil Procedure, G. S. 1A-1 *et seq.,* the credibility of the witness and the weight of the evidence is for determination by the jury notwithstanding there is no conflict in the evidence.

Based on the admissions in the pleadings, I would hold that plaintiff is entitled to an adjudication that it owned an undefined interest in the lands described in paragraph 2 of the complaint; that, because of defendants' failure of proof, plaintiff is entitled to a directed verdict that defendants have no right, title, or interest in the lands described in the complaint; and that the judgment of Cowper, J., should be stricken and

---

the case remanded to the Superior Court for judgment in accordance with this opinion.

Chief Justice BOBBITT joins in this concurring opinion.