IFCO OF SOUTH CAROLINA, INC., PLAINTIFF v. SOUTHERN NATIONAL BANK OF NORTH CAROLINA, DEFENDANT v. GUARANTY BANK AND TRUST COMPANY OF FLORENCE, SOUTH CAROLINA, INTERVENOR DEFENDANT

No. 7812SC576

(Filed 31 July 1979)

**Banks and Banking § 11— check examined by maker before payment—action against bank because of payment**

The maker of a check who examines the check when presented at the bank and instructs the bank to pay it may not then collect from the bank for paying the check.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 9 March 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 March 1979.

The plaintiff instituted this action to recover from Southern National Bank $45,097.56 which Southern National Bank had paid from plaintiff's account. The following facts were established by the pleadings and depositions and are not in dispute. Plaintiff is in the business of financing insurance premiums. It had an agreement with Bobby Clamp under which it would deliver pre-signed checks to Clamp, and Clamp would fill in the name of an insurance company as payee. In 1974 plaintiff delivered a series of pre-signed checks to Clamp drawn on the Fayetteville Branch of Southern National Bank of North Carolina. Clamp filled in the name of American States Insurance Company, endorsed the checks in the name of the payee and deposited them in his own account with the Guaranty Bank and Trust Company of Florence, South Carolina. American States Insurance Company did not issue policies for these checks and Clamp did not have authority from American States to endorse the checks. Plaintiff had an agreement with Southern National Bank that the bank would not honor the checks when presented for payment until an agent of the plaintiff had inspected, approved and accepted the checks. None of the checks were paid until this was done. The plaintiff filed this action against Southern National Bank. Southern National Bank gave Guaranty Bank and Trust Company notice of the litigation pursuant to G.S. 25-3-803 and Guaranty intervened as party defendant. The superior court entered summary judgment for both defendants.

*MacRae, MacRae, Perry and Pechmann, by Daniel T. Perry III, for plaintiff appellant.*

*Butler, High and Baer, by Ervin I. Baer, for defendant appellee Southern National Bank of North Carolina.*

*Anderson, Broadfoot and Anderson, by Lee B. Johnson, for defendant appellee Guaranty Bank and Trust Company of Florence, South Carolina.*

WEBB, Judge.

If defendants were entitled to judgment as a matter of law on the undisputed facts, the superior court properly entered summary judgment in their favor. *See Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979).

We affirm the judgment of the superior court. The principal question posed by this appeal is whether the maker of a check who examines the check when presented at the bank and instructs the bank to pay it may then collect from the bank for paying the check. We hold that the maker cannot do so. We have not been able to find a case on all fours. *Modern Homes Construction Co. v. Tryon Bank and Trust Co.*, 266 N.C. 648, 657, 147 S.E. 2d 37, *dissent at* 147 S.E. 2d 386 (1966) says by way of dictum: "it is clear that drawer's conduct in advising and requesting the Bank to make payment . . . would have estopped drawer in any subsequent suit against the Bank." An argument can be made that when plaintiff's agent examined the checks and instructed Southern National to pay them it had as much right as Southern National to rely on Guaranty's guarantee of the endorsements and by instructing Southern National to pay the checks it did not waive this right. The difficulty with this argument is that plaintiff sued Southern National. Southern National had the right to rely on the instructions of plaintiff as well as Guaranty's guarantee.

Since any liability of Guaranty in this action is predicated on a liability on the part of Southern National, the superior court was correct in allowing summary judgment in favor of both defendants.

Affirmed.

Judges MARTIN (Robert M.) and MITCHELL concur.